No. 13,126.

STATE EX REL. THOMAS F. WEBB, JR. VS. HON. C. DEBAILLON, JUDGE OF THE SEVENTEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE.

The General Assembly did not, in enacting Act No. 163 of 1898, have in view in directing district judges to fix terms of court to control them in the length of time during which they should actually hold court in the different parishes, but to have designated in advance certain periods as "terms of court," with a view of furnishing the basis to public officials for fixing dates for drawing juries, or doing other acts which, under existing laws, had to be done a certain number of days before sessions of court.

ON APPLICATION for Writs of *Mandamus* and Prohibition.

*Orther C. Mouton* for Relator.

Respondent Judge *pro se.*

Submitted on briefs March 29, 1899.
Opinion handed down April 5, 1899.

STATEMENT OF FACTS.

The opinion of the court was delivered by

NICHOLLS, C. J.   Plaintiff represents that he instituted in the District Court for the parish of Lafayette several months ago a suit against one Sam Mouton, coupled with writs of attachment.   That said suit is still pending and undecided.   That in compliance with provisions of Act No. 163 of 1898, the judge of the Seventeenth Judicial District Court has fixed by rules of his court the sittings or

terms thereof for the parishes of Lafayette and Vermillion, composing said district. That according to said rules the next regular terms of said court, after its present term at Lafayette, are to begin as follows:

For the parish of Vermillion, on the first Tuesday of April.

For the parish of Lafayette, on the fourth Monday of April.

That the provisions of Act No. 163 of 1898 are mandatory. That under the same the General Assembly has defined and fixed the ministerial duties of the judges of the several District Courts, leaving no discretion in the exercise thereof as long as the terms or sittings remain unchanged by the rules fixing the terms, and it is the absolute duty of the judge of the Seventeenth Judicial District Court to hold a session of the court at Lafayette, in accordance with the terms fixed by said court under the provisions of Act No. 163 of 1898, and there to sit as the public business may require.

That the Seventeenth District Court is now in session (March 24, 1899) at Lafayette, and has been since the second Tuesday of March, 1899, the date fixed under said rules; that said above mentioned cause was fixed for trial for Thursday, March 16th, 1899, since the preceding term of said court at Lafayette, under the rules of said court authorizing such a fixing for the next ensuing session. That on account of other public business before said court taken up for trial, said cause could not be reached, that the remainder of the present session is already taken up for the trial of cases pending before said court and fixed before Monday, the twentieth of March, 1899. That being unable to secure a trial of said cause at the present session of said court for causes beyond his control, and desiring to secure a trial of same at the earliest time under the rules of said court, fixing said terms as aforesaid under the laws and Constitution of the State, he applied by motion in open court on Monday, the twentieth of March, to fix the trial of said cause for the twenty-fourth of April, 1899, the first day of the next ensuing term being the fourth Monday of said month, but that the judge arbitrarily refused to allow said fixing, on the ground among others that Act No. 163 was unconstitutional, and that the business pending before the court in the parish of Vermillion would require a more extended term than that fixed under the terms of said Act, by the rules of court aforesaid, refusing thereby to hold any session of his said court as fixed by said rules, or before the public busi-

ness of Vermillion parish was disposed of. That the question involved was one of public interest.

That the refusal of the judge was a denial of justice, and furnished a proper occasion for the exercise of the supervisory powers of the Supreme Court.

In view of the premises petitioner prayed for a writ of *mandamus* directed to the judge of the Seventeenth Judicial District Court, commanding him to allow the fixing of said cause as prayed for and to hold court and to try said cause at the April term under the rules fixing said terms of court and for a writ of prohibition, prohibiting the said judge from holding court in the parish of Vermillion in contravention of said rules of court fixing said term in Lafayette and of Act No. 163 of 1898.

The district judge assigned as reasons why the application should not be granted, that Act No. 163 of 1898, was unconstitutional and violative of Art. 117 of the Constitution of 1898.

That that article provides that "District Courts shall hold continuous sessions during ten months of the year. That in districts composed of more than one parish the judge shall sit alternately in each parish as the public business might require, and that the provisions of the article should go into effect upon the adoption of the Constitution."

That the provisions of that article are mandatory on all district judges without the Act of 1898, being self operative, not requiring any action of the General Assembly to give it force and effect.

That Act No. 163 of 1898 further contravened Article 117 of the Constitution in that the General Assembly undertook without warrant of law and in direct violation of the terms of said article to prescribe the duration of the sessions of District Courts composed of more than one parish, and denied to district judges the right to sit alternately in each parish as the public business might require.

The judge admitted that he did fix the sessions of the Seventeenth Judicial District Court under Act No. 163 of 1898, and averred that he had used all due diligence to dispose of the public business in his district within the time limited for a duration of a term of court under that act, but he had been unable, through no fault of his, to accomplish results satisfactory to himself and parties in interest.

He returned that he would open a criminal and civil session of court in Vermillion parish, on Tuesday, April 4th, 1899; that he

could not with all due diligence, complete the public business in that parish in three weeks; that the Court of Appeals of the Third Circuit would hold an adjourned meeting of that court in Vermillion parish, on April 20th, 1899, and would remain in session some three days; that during the session of the Court of Appeals, the District Court could not be in session.

That with one additional week of court in Vermillion parish he could clear the jail and have his dockets, both criminal and civil, well in hand and in a satisfactory condition. That through no fault of his or the district attorney, litigants or their counsel, and witnesses, the dockets were so congested that the public business required a prolongation of the session, beginning in Vermillion, on April 4th, 1899, one week longer. He returned that the old system of fixing terms was suspended by the one continuous term of ten months and the General Assembly was without warrant in law to adopt a system which had been rejected by the framers of the Constitution and in direct violation of the express provisions of the Constitution

That in adopting the course complained of, he was actuated solely by a deep sense of duty imposed upon him by law, that he advised the bar in open court of his intended action so as to enable them to invoke such remedy as they were entitled to, to protect the interests of their clients.

He referred the court to Act No. 163 of 1893. Article 117 of the Constitution of 1898, and State ex rel. Murray vs. Judge Felix Voorhies, decided by it on June 24th, 1898.

Act No. 163 of 1898 referred to in the pleadings was approved on the 14th of July, 1898. It is entitled: "An Act relative to sessions of District Courts throughout the State, the parish of Orleans excepted, and to carry out the provisions of Article 117 of the Constitution; to confer on district judges certain powers in relation to the conduct of business before said courts and regulating the practice and proceedings thereof." Its second section provides that in districts composed of more than one parish, the judge shall sit alternately in each parish, and the sessions from one parish to the other parish shall be continuous, provided that no session in any parish of a district shall be fixed for less than one week, or more than three weeks, as the public business may require.

The district judge shall, by an order of court, fix a date for the holding of the sessions in each parish, which order shall be entered

---

on the minutes of the court and published, at least, three times in the official journal in each parish, and after being so fixed, no change shall be made in such order within less than one year thereafter.

Its third section provides, that it is the intent and meaning of Article 117 of the Constitution that District Courts shall always be open and the proceedings held to be in open court while the judge is on the bench, and that the fixing of sessions in districts composed of more than one parish shall not affect the authority or duty of the court to sit at any time in any of the parishes when the public interests may require it.

The 117th Article of the Constitution, which it is the declared object of Act No. 163 to carry into effect, directs that District Courts shall hold continuous sessions for ten months of the year. For districts composed of more than one parish the judge shall sit alternately in each parish as the public business may require.

## OPINION.

The district judge having returned to us that he can not do justice in a three weeks' term in Vermillion parish to the public business therein, and that for that reason availing himself of the provisions of Article 117 of the Constitution, he intended to prolong the session one week longer than the longest time fixed for a session by Act No. 163, which session would terminate on April 29th, 1899, and having assigned as a further reason for his course that three days, at least, of the April term in Vermillion would be taken up by the adjourned term of the Court of Appeals of the Third Circuit, we do not feel ourselves justified to have issued the *mandamus* prayed for.

Article 117 of the Constitution directs that the district judges should sit alternately in each parish as the public business may require.

It is not claimed that the judge's statement that the condition of the public business in Vermillion is such as to require an extended term is not well founded. His action is not arbitrary because it may chance to work hardship or delay in some particular case or cases.

It is the general public interest which has to be consulted. The Legislature cannot control this matter by an iron cast rule moulded in advance to govern length of sessions, nor do we think that such was the intention of the General Assembly.

The fourth section of Act 163 declares expressly that the fixing of terms shall not affect the authority or duty of the district judge to sit at any time in any of the parishes of his district when the public interest may require.

We think the General Assembly did not have in view in directing district judges to fix terms of court, to control them in the length of time during which they should actually hold court in the different parishes, but to designate in advance certain periods as "Terms of Court," with a view of furnishing the basis to public officials for fixing dates for drawing the *venire* or doing other acts which under existing laws may have to be done so many days before sessions of court.

It does not follow that the fixing of such dates would carry with it the necessity of opening the sessions at the time fixed, should public exigencies require the prolongation of a prior session in another parish. The judge could order an adjournment of the opening to a day fixed, of which all parties in interest would be informed, and to which they should conform.

In that way matters would not be left in a condition of constant uncertainty.

For the reasons assigned, it is ordered that relator's application for writs of *mandamus* and prohibition be, and is hereby, refused.