MONROE, J.
It appears that this suit was instituted in the district court for the parish of St. John the Baptist in January, 1913; that the next regular session of that court, as established and announced by the judge, was to open on the first Monday, in March, following; that on February 6th, however, notwithstanding that, on January 2d, there had been an adjournment “without day,” the respondent judge opened court, and, over the objection of defendant, ordered certain exceptions in said suit to be fixed for February 24th; whereupon relator made this application for certiorari and prohibition. Since then, the 24th of February has come and gone; the staying order made by this court prevented the trial of the exceptions on that day; the regular session has also come and, perhaps, gone; and the exceptions have, in all probability, been disposed of in regular order. There is therefore nothing left in this application save the question of costs. For the purposes of that question, however, the parties are entitled to a hearing on the issue presented.
Under article 117 of the Constitution, the judge of the district court, in districts composed of more than one parish, is required to sit during ten months of the year, continuously, “alternately, in each parish, as the public business may require.”
Act 163 of 1898, p. 320, provides, in part, as follows:
“Sec. 2. ’ * * * The district judge shall, by an order of court, fix a date for the holding of the sessions in each parish, which order shall be entered on the minutes of the court and published at least three times in the official journal, in each parish. After being so fixed, no change shall be made in such order within less than one year thereafter.
“Sec. 3. * * * That it is the intent and meaning of article 117 of the Constitution that district courts shall always be open and the proceedings held to be in open court while the judge is on the bench, and the fixing of sessions in districts composed of more than one parish shall not affect the authority or duty of the judge to sit at any time, in any of the parishes of his district, when the public interest may require it.”
*514 In Webb v. De Baillon, Judge, 51 La. Ann. 788, 25 South. 648, we were asked to issue a mandamus to compel a judge to open his court in one of the parishes of his district upon the date which had been fixed by him in accordance with section 2 o£ the act of 1898, above quoted, but he answered that the. business of his court in another parish would prevent his doing so, and it was held that the mandamus should not issue; that it is the general public interest which is to be consulted; that the statute in question “declares expressly that the fixing of terms shall not affect the authority or duty of the judge to sit at any time, in any of the parishes of his district when the public interest may require it”; that “the. General Assembly did not have in view, in directing district judges to fix terms of court, to control them in the length of time during which they should actually hold court in the different parishes, but to designate, in advance, certain periods as ‘Terms of Court,’ with a view of furnishing the basis to public officials for fixing dates for drawing the venire or doing other acts which, under existing laws, may have to be done so many days before sessions of court.”
On the other hand, in State v. Winters, 109 La. 3, 33 South. 47, where the defendant was convicted of murder and sentenced to life, imprisonment, at a session other than as fixed under section 2 of the act of 1898, or, in other words, at a session fixed in the exercise of the discretion vested in the judge to sit at any time, in any parish, as the public interest may require, it was held that such fixing was a competent exercise of the authority vested in the judge.
And in State v. Freddy, 118 La. 468, 43 South. 53, where the defendant was also convicted of a criminal offense, the question presented to this court was whether a motion to quash the venire should have been sustained, on the ground that it called for juries at a special session of the court, other than a regular session as established by a previous order, made and published in accordance with the provisions of section 2 of the act of 1898, Mr. Justice Land, as the organ of the court, after quoting so much of article 117 of the Constitution as has been hereinabove quoted, and of section 3 of the act of 1898, comments upon, and deduces conclusions from, them, as follows:
“It is significant that the word ‘term’ is not used either in the Constitution or the statute. The judge is not only authorized to hold court at any time, in any parish of his district, when public interest may require it, but, also, whenever he thinks proper, to order the commission to draw additional jurors for service during any session of the court or during a continuous session. In such a case, the statute dispenses with publication. * * * One of the objects of the Constitution and the statute was to get rid of the expenses and delays of district terms of court by providing for a continuous session of ten months, by authorizing the judge to hold court at any time, and by empowering him to direct the drawing of additional jurors for service, whenever, in his opinion, the public interest may require it.”
The “public interest,” as that expression is used by the lawmakers, is not confined in its application to matters in which the state may appear as a party litigant, or may have a specific interest, but includes within its meaning the whole business of the court, civil and criminal; and the grant of authority, to the judges contemplates that, when such business will be expedited by their holding court at other times than the stated session established under section 2 of the act of 1898, they may do so, the matter being left to the sound legal discretion of each judge. No doubt, for the convenience of the public and of the judges themselves, the bulk of the business will be dispatched during the. regular, fixed sessions, but the law reads:
“The fixing of sessions, in districts composed of more than one parish, shall not affect the authority or duty of the judge to sit at any time, in any of the parishes of his district, when the public interest may require it.”
*516 And it leaves him to determine when such occasions arise, subject, of course, to the condition that all parties in interest shall, at all times, have reasonable and sufficient notice that the business in which they are interested is to be dealt with, and that no one shall be prejudiced by want of such notice.
In this case there is no complaint of that kind, and no reason for complaint, as relator was advised on February 6th that his exceptions would be heard on February 24th. He had therefore no sufficient reason for coming into this court, and it is, accordingl}', adjudged and decreed that this application be now dismissed at his cost.