(66 South. 788)

No. 20806.

## COLONIAL HOMES REALTY & INVEST- MENT CO. v. SAMPLE.

## In re COLONIAL HOMES REALTY & IN- VESTMENT CO.

(Nov. 16, 1914. Rehearing Denied Dec. 14, 1914.)

*(Syllabus by the Court.)*

**1. COURTS** ⊚═66 — SESSION — POWER TO SHORTEN.

The district courts of the state, save in the parish of Orleans, being required by the Constitution to hold continuous sessions during ten months of the year, a judge of such court cannot, under any circumstances, shorten the session as thus prescribed, and thereby prolong the period of vacation, consisting of the two remaining and consecutive months, although by an order entered upon the minutes, after the legal delay following a previous order, he may shorten the period of vacation and prolong that of the continuous session, as the public business may require.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 231–242; Dec. Dig. ⊚═66.]

**2. COURTS** ⊚═66 — SHORTENING OF SESSION —WHAT CONSTITUTES.

In a court where the established continuous sessions of ten months embrace the months from October to July, inclusive, and where the last week in July has been designated as a period for the holding of a civil term, the fact that, because the judge is led to believe that all the lawyers and litigants who are interested in the fixed cases are willing that they should be continued, he adjourns his court sine die, or "until court in ·course" (i. e., until the first Monday in October following), does not authorize the inference that he is attempting to shorten the continuous session, or prolong the vaca-·tion of his court, in violation of the requirements of the Constitution, but indicates merely that he will not actually sit during a certain term of the continuous session, because the business does not require it; and the fact that such adjourned period of the continuous session happens to be followed by the vacation does not affect the duration or legal character of the session or the vacation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 231–242; Dec. Dig. ⊚═66.]

**3. PROHIBITION** ⊚═5—RIGHT TO REMEDY — DISCRETION—REASSIGNMENT OF CASE.

Where a judge, through error superinduced by the representations of counsel in a particular case then fixed for trial, adjourns and pretermits a regular civil term of his court, thus carrying all fixed cases over for a period exceeding two months, including the vacation,

the question whether, upon discovering his er· ror and upon complaint of injury by the oppos· ing counsel in such particular case, he will reassign it for trial upon the day originally fixed, is within his jurisdiction to determine, and his action in the premises will not be reviewed upon an application for a writ of prohibition.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 20–30; Dec. Dig. ⊚═5.]

**4. PROHIBITION** ⊚═24—ERROR IN GRANTING —RIGHT TO RESCIND.

Where an application, upon which an order for a writ of prohibition is made, is thereafter found to contain errors, in its reticence as well as in its allegations, concerning material facts, but for which errors the order would not have been made, such order will be rescinded, the writ as issued discharged, and the application dismissed.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 73; Dec. Dig. ⊚═24.]

**5. PROHIBITION** ⊚═13 — GROUNDS FOR DIS- MISSAL—ACCOMPLISHMENT OF ACT.

A writ of prohibition will not be sustained, when it is shown that the act sought to be prohibited has already been accomplished.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 62; Dec. Dig. ⊚═13.]

*(Additional Syllabus by Editorial Staff.)*

**6. COURTS** ⊚═65 — TERMS — "CONTINUOUS SESSION."

The constitutional requirement that the "district court shall hold continuous sessions during ten months of the year" means that those courts shall be open for the trial of cases, and that the judges shall fix cases for trial, and try them, during the period, provided there are cases to be fixed and tried.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 230, 246; Dec. Dig. ⊚═65.]

Action by the Colonial Homes Realty & Investment Company against A. N. Sample. Plaintiff applies for writ of prohibition. Writ discharged, and proceeding dismissed.

T. W. Nettles, of Coushatta, and Looney & Wilkinson, of Shreveport, for applicant. Hall & Jack, of Shreveport, for defendant.

## Statement of the Case.

MONROE, C. J. The petition of the relator herein was presented to a member of this court, at Shreveport, on July 29th (this year), and an order was made thereon directing that the writ of prohibition should issue and

that the judge of the district court for the parish of Red River should show cause why said writ should not be made perpetual. The allegations upon the faith of which the order was made are substantially as follows:

That relator is defendant in a suit brought by A. N. Sample in the district court for the parish of Red River; that on June 12, 1914, it (relator) obtained an injunction prohibiting the sale of its property under an order therein made; that on July 6th defendant (in injunction) filed an answer, admitting that the causes set up in plaintiff's petition as reasons for injunction were. true, and attempted to convert the suit into an ordinary action to foreclose a mortgage; that the court immediately ordered the cause to be set for trial on July 30th; that, upon being furnished with a copy of said answer, counsel for relator filed a motion to strike out certain allegations therein and prayed for judgment on the pleadings; that on July 27th the court "adjourned and took its vacation until October 1, 1914," and all cases, including the one thus mentioned, were continued until the October term of the court, and that said court "is now in vacation"; that the judge, nevertheless, on the evening of July 28th, notified counsel "by phone" that he proposed to try said case on July 30th; "that such trial, if had, will be in chambers, and not in open court," in violation of relator's legal rights; that relator has made no preparation for the trial, because the court adjourned on July 27th "and declared that its vacation then began," and that it is impossible for it to procure its witnesses for a trial on July 30th; that an amount exceeding $100,000 is involved; that relator will be unable to present its case on July 30th; that judgment will be rendered against it; that it will be unable, on account of its financial condition, to appeal suspensively from such judgment, and that the trial, under such circumstances, will operate a denial of justice; that the court, "being in vacation," is without jurisdiction to hear and try said cause; that relator has given due notice of this application; and that a writ of prohibition is necessary.

From the exhibits annexed to the petition it appeared that A. N. Sample had caused a writ of seizure and sale to issue, on mortgage notes to the amount of $125,500; that the mortgaged property had been seized and advertised to be sold on June 13, 1914; that on June 12th relator herein (defendant in the seizure) had enjoined the sale, on a bond of $1,000; that Sample had answered the petition for injunction, admitting certain allegations and denying others; and that plaintiff in injunction had filed a motion for judgment on the pleadings, which had been made returnable on July 30th.

The respondent judge makes return and shows cause to the following effect, to wit:

That the writ was not served upon him until July 31st, the day after he had decided the case in question and signed the judgment, and that he had no notice that said writ or order had been filed in the office of the clerk of this court until after said proceedings had been finally completed, and then only by a telephone message from the clerk of the court at about 12 o'clock m., July 30th, and later, by wire, at 1:45 p. m.; that the proceedings in the case were regular, legal, and equitable; that the case was regularly fixed in open court, on July 6th, in the presence of relator's leading counsel; that the statement in the petition herein filed that the district court went into vacation on July 27th, and "is now in vacation," is not correct; that the week beginning July 27th is the regular civil term of the court, and was fixed by respondent's predecessor; that relator's said leading counsel requested that court would not be held during the week beginning July 27th "as all

the lawyers desired a rest, and there were no urgent cases that any·one desired to try, whereupon the—

"judge stated that the civil cases could go over, if all the lawyers so desired, but that, if one lawyer insisted on the trial of his case, the judge would feel compelled, both by law and equity, to hear him, and it was only upon the assurance of Mr. Nettles and other lawyers of the Coushatta bar that it was agreeable to all the lawyers that court was adjourned, after the misdemeanors were tried, on Monday morning, July 27, 1914; that the district judge went from Coushatta to Shreveport, after adjourning court, and remained in Shreveport until Tuesday evening, July 28th, when he was met at the depot of the Natchitoches branch by Judge W. P. Hall, of the firm of Hall & Jack, attorneys for plaintiff, Sample, who inquired if the report that court in Coushatta had adjourned was true, and, on receiving the reply of the district judge, Judge Hall informed the district judge that he (Hall) represented a client in a case that had been regularly fixed, in open court, at Coushatta, on or about July 6th, to be tried at the regular term of court at Coushatta on July 30th; that he had not agreed to any adjournment of said term of court, and that he had not even been consulted or advised with about any contemplated adjournment of said term of court, and that, on account of protecting the interests of his client, he was very anxious to have the· case tried on the day fixed, Thursday, July 30, 1914. Whereupon the district judge, recognizing the legal and equitable rights of Hall's position, stated that his case would be tried on the day fixed, unless a legal showing should be made by the defendant in the case. The district judge inquired of Hall the names of the attorneys who represented the defendant, requested Hall to notify the said attorneys at once, and assured Judge Hall that he (district judge) would also notify the defendant's attorneys, by phone, as soon as he reached his home at Natchitoches, La. Accordingly, on reaching home, the district judge called up Mr. W. A. Wilkinson, * * * and informed him of the situation as above stated, and informed him that the case would be tried on the day as fixed. Wilkinson informed the district judge that he was only associate counsel, and to please inform T. W. Nettles, of Coushatta, who was the attorney in chief, who explained to the district judge, when informed of the situation as above stated, that he (Nettles) had understood 'all the lawyers interested' to mean all the lawyers of the Coushatta bar who were interested, and that he would be present and ready on the day of trial, July 30, 1914. This correction was made known to all the interested parties on Tuesday evening of July 28, 1914.

"Respondent further shows that court was opened on July 30, 1914; that Mr. T. W. Nettles was present and requested that he be given 30 minutes in order to prepare a showing why he should not be forced to trial; the 30 minutes' time was granted and also an additional 30 minutes, * * * at the end of which * * * he informed the court that he did not intend to make an appearance in the case. Whereupon the plaintiff was permitted to prove up his case. The evidence of the plaintiff was filed in open court, and not in chambers (as stated in the petition for the writ of prohibition), and satisfied the court that the demands of plaintiff were true and just, and accordingly judgment was rendered in favor of plaintiff, read. and signed, and court adjourned about 11:50 a. m. * * *

"Respondent is aware that no case could be fixed for trial during the vacation provided by article 117 of the Constitution * * * and Act 163 of 1898, and this case would never have been fixed for July 30th, if July was a vacation month; that the months of August and September are the two months set aside by the Eleventh district court as vacation months. This case had been fixed for * * * July 30, 1914, for three weeks, and no complaint of same had been made by counsel for defendant; in fact, they had filed a rule to take judgment as confessed, and the trial of said rule had also been fixed for said date, and no complaint had been made that July 30th was a vacation period, as in fact it was and is not, to plaintiff's knowledge. * * * Respondent finally shows that the case was regularly fixed, on July 6th, for trial on Thursday July 30, 1914; that court was regularly opened on July 27th, the regular term for civil cases in Red River; that court was adjourned through an error of fact; that said error was committed by the attorney for the defendant in this case; that plaintiff, or his attorney, had no knowledge of any contemplated adjournment of court; * * * that every litigant is entitled to a hearing, when properly applied for; and that the petition for the writ of prohibition shows error of fact in its allegations."

Attached to the return is a copy of the rules of the district court, rule 1 of which reads as follows:

"The regular terms of this court shall be held as follows: Civil terms, the first week in October, November, February, March, April, and May, and the fourth week in July; and criminal terms, the first and second week in January and the first and second week in July."

A. N. Sample also makes a return, in which he confirms the statements of the judge as to the various proceedings:

"He admits that the district court * * * met and adjourned on July 27th, and he avers that said adjournment * * * was procured by counsel for said company leading the court to believe that the bar having business before the court had consented and was willing to said adjournment, including his (affiant's) attorney,

W. P. Hall, who had not been consulted in regard to the matter. * * * He avers that the only ground alleged in this petition, and no doubt the ground on which the judge acted in granting the alternative order of prohibition, was the allegation that the court was in vacation, under article 117 of the Constitution, and would be in vacation on July 30th, which allegation, as shown by the rules of the court, * * * is untrue. He would further observe that the writ in this case was not served upon this defendant or upon the judge until Friday, July 31st"

—citing C. P. art. 872, in support of the proposition that the writ must be signed, sealed, and issued by the clerk, and served by the sheriff, and C. P. art. 850, to the effect that:

"When, on receipt of this order, the inferior judge acknowledges that he has no jurisdiction, he shall abstain from all further acts in the case."

Defendant therefore claims that the writ could only have—

"effect from the time it was served, * * * and that the trial having been had in open court, and not in vacation, and the judgment having been rendered, the same is legal and valid."

On August 30th relator obtained another order from a member of this court directing the respondent judge to send up the record in the case out of which this controversy has arisen, and to show cause why he should not be punished for contempt, for having violated the writ of prohibition theretofore issued. Counsel for relator have argued both applications in one brief, in which they utilize the material in both records for the purposes of the questions presented in each; and, the cases being very closely connected with each other, this court, in order to follow the argument of the counsel, will deal with them in the same manner.

In the return last made by the respondent judge, he emphasizes the statement, previously made, that the case out of which the controversy has arisen was not fixed for trial in vacation, or in chambers, but was fixed during a regular court term, and in open court, and he adds the following to his previous statement concerning the circumstances of the adjournment on July 27th, to wit:

That he adjourned on that day under the erroneous belief that the said plaintiff (meaning Sample) "did not want to try the case at that time and term of court, * * * which erroneous belief was superinduced by the representations and information given * * * by the attorney for the defendant company. * * * On the representation of W. A. Wilkinson, innocently conveyed by John F. Stephens, that the Shreveport lawyers, including Judge Hall of Shreveport, interested in the docket, were willing to adjourn court and continue their cases, and on the representation of T. W. Nettles, of Coushatta, La., that all the lawyers and litigants were willing and wanted court to adjourn. * * * And he avers that court would not have adjourned * * * but for the said representations, made by said W. A. Wilkinson and T. W. Nettles, attorneys for defendant * * * Company. * * * Mr. Nettles moved that court adjourn, stating that all the lawyers and litigants desired a rest, and there was no suffering litigation. Whereupon the judge agreed that civil court adjourn, but decided that all misdemeanors must be tried—stating, however, that, if one lawyer in ten desired a trial or hearing, he was entitled to same, and it was only after the sincere assurance that all lawyers and litigants wanted court to adjourn that court was adjourned, after the trial of all misdemeanor cases."

Mr. John F. Stephens, a member of the Coushatta bar, in an affidavit attached to the return of the judge, says:

"That not long before the 30th day of July, 1914, he received a letter from W. A. Wilkinson, of the firm of Looney & Wilkinson, making inquiry as to the trying of the case of Chaddick, in which he stated that there would not be any court in the fourth week in July, he understanding that the lawyers in Coushatta had agreed that court be postponed, or to ask the court, and that he was also informed that Judge Hall [counsel representing Sample] cared nothing about the term being held. During the third week in July, about the middle of the week, I was in Natchitoches, and was requested by some of the lawyers at Coushatta to ascertain from Judge Cunningham if it would be agreeable to him not to hold court the fourth week in July. I recall that I met Judge Cunningham and then stated * * * that lawyers in Coushatta seemed anxious to postpone court, that Looney & Wilkinson were anxious to do so, and that Judge Pugh had left the state, * * * and at that time the fact of Judge Hall being agreeable thereto was discussed, and I think I recall that Judge Cunningham read the letter from Wilkinson to me, stating that Judge Hall did not care about the term,

and Judge Cunningham stated to me that, if all the lawyers wanted to put the term off, it would be quite agreeable to him but that, if nine lawyers wanted to put off court and one should be against it, he would hold the term; but, understanding that Judge Hall was willing, all the lawyers in Coushatta, and the outside lawyers, either willing or absent, he felt justified in putting it off."

Mr. W. A. Wilkinson, in an affidavit attached to the petition in the record 20,849, and which is devoted mainly to occurrences on July 28th and following days, has only this to say in regard to the representation attributed to him, to wit:

"That he did not make any representations concerning said cause to the judge of said court."

Mr. Nettles, relator's leading counsel at Coushatta, says, in a similar affidavit, that he moved the court to adjourn on July 27th, and—

"that affiant requested said adjournment of court upon his own motion and that of other members of said Coushatta bar; that affiant never stated that said request was made upon the motion, sanction, or request of any other lawyer, or lawyers, or litigants; that affiant never mentioned the names of the attorneys representing the Colonial Homes Realty & Investment Company; that affiant had never discussed the postponement of said term of court with the attorneys representing the said Colonial Homes Realty & Investment Company, or with the said A. N. Sample; that affiant was not in a position to state, nor did he state, to the court the wishes of any one in the matter of the postponement of said court, except the immediate members of the Coushatta bar."

Judge Hall, in an affidavit filed with the return in the last case, says that he has had charge of the suit of A. N. Sample v. Colonial Homes Realty & Investment Company, as Sample's attorney, from the beginning; that they first sued out a writ of seizure and sale, and upon the issuance of the injunction, on the day preceding that fixed for the sale, concluded to convert it into an ordinary suit; that on July 6th he attended court in Coushatta, filed his answer (to the petition for injunction), expressly converted the action into an ordinary one, and on the same occasion handed Mr. Nettles a copy of the answer, and further as follows:

"Mr. Nettles then remarked to me, in substance, 'You are not coming back here on the 30th to try this case.' To which I replied, 'Yes, I am coming back to try it then.' I fully intended, then and ever after, to go back and try the case on the 30th, and never at any time entertained or gave expression to any other thought or desire, and never at any time, in any way, intimated to either Mr. Nettles or Mr. W. A. Wilkinson that I did not wish to try the case on the 30th as fixed, * * * and I was greatly surprised when I heard, on Tuesday, the 28th, that court had adjourned; and, on inquiry, I learned that Judge Cunningham was in Shreveport, and I went out to the depot to see him, and complained that I thought I had been badly treated," etc.

### Opinion.

[1] The prayer of the petition in this proceeding reads in part:

"Wherefore relator prays that a writ of prohibition may issue herein, * * * directed to the Honorable W. T. Cunningham, judge, * * * and to A. N. Sample, the defendant in the suit entitled Colonial Homes Realty & Investment Co. v. A. N. Sample, * * * prohibiting the said judge and the said A. N. Sample from trying or attempting to try said cause on July 30, 1914, and during the vacation of said court, and that they show cause * * * why the said writ of prohibition should not be made perpetual."

The order that was made directed that a writ issue—

"prohibiting the said judge and the said defendant to proceed further in said cause, and ordering them to show cause * * * why the said writ of prohibition should not be made perpetual."

In view of the return of the judge, to the effect "that this writ was not served upon him until Friday evening, the 31st of July, 1914, the day after he had finally decided the said case, signed the judgment, and adjourned court, on Thursday, July 30, 1914," we should, under ordinary circumstances, dispose of this proceeding by holding that the writ of prohibition will not be sustained to prohibit the doing of that which has already been accomplished; but, as appears from the statement of the case which precedes this

opinion, the circumstances here disclosed are somewhat out of the ordinary, in that there is pending in this court a sequel to this proceeding, in which the same relator has obtained a writ of certiorari in order to inquire into the legality of the proceedings to which the respondent judge refers in the return herein made, and has applied for another writ of prohibition in order to stay the execution of the judgment in which those proceedings culminated, and in which, also, it has caused a rule for contempt to issue against the respondent judge, and the two proceedings, thus intimately connected, have, as we have stated, been argued by the relator as though they were one and the same. Inasmuch, therefore, as we see no particular objection to the adoption of that course, and as both cases are to be decided at the same time, we are of opinion that it is advisable to extend the inquiry in this case to the question whether, under all the circumstances, as disclosed in both records, the relator was entitled to the order of prohibition as herein made.

Article 117 of the Constitution declares that:

"District courts shall hold continuous sessions during ten months of the year. In districts composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require."

Act 163 of 1898 contains the following, among other, provisions, to wit:

"Sec. 2. * * * The district judge shall, by an order of court, fix the date for the holding of the sessions in each parish, which order shall be entered on the minutes of the court and published, at least three times, in the official journal in each parish, and, after being so fixed, no change shall be made in such order within less than one year thereafter.
"Sec. 3. * * * That it is the * * * meaning of article 117 of the Constitution that district courts shall always be open and the proceedings held to be in open court, while the judge is on the bench, and that the fixing of sessions in districts composed of more than one parish shall not affect the authority or duty of the judge to sit, at any time, in any of the parishes of his district, when the public interest may require it."

Under article 108 of the Constitution, the Eleventh judicial district is composed of more than one parish, to wit, the parishes of Natchitoches and Red River, and from the return of the respondent judge and the rules of court, annexed thereto, it appears that the continuous session of ten months, required by the Constitution, is held during the months from October to July, inclusive; the months of August and September being, necessarily, the months left for vacation, since they are the only consecutive months during which terms are not fixed in the parish of Red River.

[2,3, 6] The constitutional requirement that the "district courts shall hold continuous sessions during ten months of the year" means that those courts shall be open for the trial of cases during at least ten months, and that the judges shall fix cases for trial, and try them, during that period, provided there are cases to be fixed and tried. Whilst, however, a judge, who finds that the actual trial of cases does not keep him occupied during a continuous session of 10 months, has no power to close his court during such session, for the purposes of that business, he need not occupy the bench when there is no case to be tried. On the other hand, a judge, who finds that he is unable to clear his docket during such session, may hold continuous sessions of 12 months, provided that he cause the proper order to be entered upon the minutes with reference to the sessions to be held in the several parishes of his district and cause the proper notices to be published. As to the sessions thus referred to, and which are included within the continuous sessions, the judge need not hold them if there are no cases to be tried; and if a session, as fixed, proves too short for the dispatch of the business, he may either prolong it, or order a special session, and, in neither event is he

obliged to conform to the requirements of section 2 of the Act of 1898, above quoted. Where, however, the continuous session of 10 months has been fixed, such fixing is tantamount to an announcement that, though the court may be open, in the sense of article 6 of the Constitution, during the 2 remaining months of the year, it will not then be open for the compulsory trial of cases; and in that view of the matter it has been held that neither lawyers nor litigants can be forced to trial during those two months, without a new order of court and published notices. The propositions thus stated have, as we think, been fairly covered by the opinions and rulings in State ex rel. Murray v. Judge, 50 La. Ann. 985, 24 South. 132; State ex rel. Webb v. Judge, 51 La. Ann. 788, 25 South. 648; State v. Winters, 109 La. 5, 33 South. 47; Randolph v. Sentilles, 110 La. 425, 34 South. 587; State v. Freddy, 118 La. 468, 43 South. 53; State v. Thompson, 121 La. 1051, 46 South. 1013; State v. Colbert, 129 La. 326, 56 South. 273—and it only remains for us to apply them in this case.

In view, then, of the facts that the Constitution requires the district courts to hold continuous sessions during 10 months in the year (meaning, as this court has held, "at least" 10 months), and that the Eleventh district court had, in effect, designated the 10 months from October to July, inclusive, as the period of its continuous session, it is obvious that the 2 consecutive months of August and September were left as the period of vacation, and that the judge had no power to add anything to that period, since such addition could have been made only by subtracting the additional time from that required by the Constitution for the continuous session. In other words, the continuous session being fixed by the Constitution at 10 months, the judge could not, and cannot, under any circumstances, limit such session to a shorter period, and hence could not, and

cannot, under any circumstances, prolong the period of vacation beyond 2 consecutive months, though by order of court, entered upon the minutes, and due publication, he may shorten the period of vacation and prolong that of the continuous session, as the public business may require. As we have found, the mere fact that a judge has designated periods, within the 10 months of his continuous session, for the holding of his court in the different parishes of his district, does not mean that he must actually occupy his seat upon the bench during those periods, when there are no cases to be tried; but if, as in this case, he is led to believe, upon taking his seat upon the bench during a regular fixed term within the continuous session, that there are no cases to be tried, and he thereupon adjourns his court, such adjournment could not, even if so intended, add the unexpired balance of the continuous session to the vacation.

The petition in this case, as we have seen, was presented to an Associate Justice of this court on July 29th, during the period of continuous session of the district court, and during one of the periods, within that session, which had been regularly fixed for the actual sitting of the court in the parish of Red River, and it contained the following, with other, allegations, to wit:

"That on July 27, 1914, the district court of the parish of Red River adjourned and took its vacation until October 1, 1914, and all cases * * * were continued until the October term of court, and that said court is now in vacation, and, notwithstanding this fact, the Honorable W. T. Cunningham, judge, * * * notified counsel * * * on the evening of July 28th that he proposed to try, on July 30, 1914, the said cause; * * * that such trial, if had, will be in chambers, and petitioner is entitled to a trial in open court; * * * that petitioner made no preparation to try its case, by reason of the fact that the district court * * * adjourned its session on July 27, 1914, and declared that its vacation then began; * * * that the said district court, * * * being in vacation, is without jurisdiction to hear and try said cause; and that for it to do so on July 30th will be exceeding its powers and beyond its jurisdiction," etc.

The allegations that "on July 27, 1914, * * * the district court * * * took its vacation until October 1, 1914," that such trial, if had (on July 30th), "will be in chambers," that the district court (on July 27th) "declared that its vacation then began," and that "the said district court, being in vacation" on July 29th, "is without jurisdiction," etc., are without support, save that the petition in which they are contained is sworn to by an agent of the relator, and they are refuted by the return of the judge and by the constitutional requirement and the rules of the court, according to which the continuous session of 10 months, embracing the months from October, 1913, to August, 1914, could not have been terminated, and the vacation of the court could not have begun, until August 1, 1914.

The minutes of the court of July 27th contain the entry, "Thereupon the court adjourned until court in course," and the correctness of that entry, is sustained by several affidavits, by members of the bar and others, to the effect that it—

"means that court was adjourned regularly until the next regular term of said court, which is until Monday October 5, 1914, or until the first Monday in October, 1914."

But we find absolutely nothing in support of the allegations that, because the judge ordered the adjournment before the expiration of the 10 months' continuous session required by the Constitution, he thereby intended any attempt to abbreviate that session, or to add eight days to the period of vacation. He merely adjourned over the remaining days of the session because he had been led to believe that there were no more cases to be tried; but that did not preclude him from again taking the bench during those days and hearing cases, either in the parish of Red River or in the parish of Natchitoches, if the proper administration of justice and due regard to the rights of litigants so required.

In State v. Thompson, 121 La. 1051, 46 South. 1013, supra, it was held that:

"Under the present Constitution, the terms of the district courts, outside of the parish of Orleans, are continuous during 10 months of the year, and the fixing of the sessions, as a matter of convenience does not affect the authority of the judge to sit at any time in any of the parishes of his district, when the public business may require it. An order of the judge to adjourn the session to another date may be entered on the minutes nunc pro tunc at any time."

Beyond the error of affirmation thus referred to, relator's petition contains an error, which appears to us to be even more serious, of reticence or suppression. At the time that the petition was prepared, counsel for relator had been fully advised of the fact that the adjournment of the court, such as it was, had been superinduced by their representations, which the judge had accepted as meaning that all the lawyers who were interested in the cases fixed for trial during the week beginning July 27th were willing that their cases should be continued, whereas Judge Hall, as counsel for defendant in injunction (a litigant whose case was so fixed, and who, in the prosecution of a claim for about $125,000, on notes secured by mortgage and vendor's lien, had been tied up by an injunction upon a bond of $1,000), had never indicated any such willingness, but, to the contrary, had distinctly informed the leading counsel for plaintiff in injunction, in answer to his inquiry upon the subject, that he intended to return to Coushatta on July 30th and try his case. We have no doubt that relator's associate counsel, Mr. Wilkinson, based the statement, contained in his letter to Mr. Stephens, to the effect that "he was also informed that Judge Hall cared nothing about the term, being held," upon some information, and it is not clear that he expected his statement to reach Judge Cunningham; but the facts are that the statement did reach Judge Cunningham, and influenced his action in the interest of Mr. Wilkinson's client, and that the informa-

tion upon which it was based was wholly erroneous. Mr. Nettles, the leading counsel for relator, and one of those who moved the adjournment, does not deny, though his affidavit is somewhat carefully worded, that he assured the court that the adjournment was desired by all the lawyers. His explanation is that he *meant* all the members of the Coushatta bar, but he appears to have made no such distinction in his statement to the judge, who naturally assumed that he referred to all the lawyers whose interests, or the interests of whose clients, were to be affected by the action which he was urging the judge to take.

[4, 5] Our conclusions, then, are:

That the case of Sample v. Colonial, etc., Company, together with the injunction proceeding, having been fixed for trial on July 30, 1914, during a civil term of the district court, regularly established, by order of court, within the continuous session of 10 months required by the Constitution, the plaintiff (defendant in injunction) was within his legal rights in demanding a trial upon that day, unless some sufficient reason for a continuance were shown; that the order for the adjournment of the court, on July 27th, until October 5th, and the consequent continuance of the case, were superinduced by the representations of defendant's counsel, which led the judge to believe that plaintiff's counsel were willing that the court should so adjourn and the case be so continued; that those representations, in so far as they purported or appeared to express the views of plaintiff's counsel, were wholly unauthorized and erroneous; that the action of the respondent judge in reassigning the case for trial upon the day to which it had previously been assigned, and which day was not, and never became, part of the vacation period, was a matter within his jurisdiction, and concerning which his ruling is not properly subject to review upon an application for prohibition; that the petition for the writ of prohibition contained serious errors, in its reticence and its allegations alike, but for which the order of prohibition would not have been made; and that a writ of prohibition will not be sustained where the act sought to be prohibited has already been accomplished.

It is therefore adjudged and decreed that the order herein made for the writ of prohibition be rescinded, that said writ as issued be discharged, and that this proceeding be dismissed, at the cost of the relator.