O’NIELE, C. J.
 

 The defendant, appellant, was indicted for murder and convicted of manslaughter.- The only question of law presented is whether the court was in session lawfully during the week in which the defendant was convicted. The question was presented by a motion to quash the regular venire of jurors drawn for service during that week; which motion was overruled, and to which ruling the defendant’s counsel reserved a bill of exceptions.
 

 Judge R. M. Taliaferro, who is district judge for the Seventh judicial district, composed of the parishes of Catahoula and Concordia, was assigned to the Court of Appeal for the Second Circuit, by an order of this court, under authority of section 30 of article 7 of the Constitution.; and, at the same time, and under authority of section 12 of the same article of the Constitution, Judge F. E. Jones, who is district judge for the Eighth judicial district, composed of the parishes of Caldwell, Winn, and La Salle, was assigned to hold court in the parish o'f Concordia, without interference with his dii ties as district judge in and for the Eighth judicial district. Previous to these assignments, Judge Taliaferro had fixed the dates of the sessions of court in and for the parish of Concordia, by an order of court, entered on the minutes of the court, and promulgated, according to the provisions of section 2 of Act No. 163 of 1898, p. 320. Under the order of Judge Taliaferro, dated the 28th of August, 1930, one criminal session of court in Concordia parish was to begin on the third Monday in May and another was to begin on the third Monday in November of each year. The defendant in this case was tried for murder in the session commencing on the third Monday in November, 1930, but the result was a mistrial, and she was then released on bond to appear for trial at the session beginning on the third Monday in May, 1931. Meanwhile Judge Jopes was assigned to hold court in Concordia parish, as we have said, and on the 2d of March, 1931, he issued an order changing the date of beginning of the next criminal session of court in that parish from the third Monday to the first Monday in May, 1931. The defendant was put on trial, therefore, at the session beginning on the first Monday in May, 1931.
 

 Appellant’s complaint is that the change made by Judge Jones, in the date of beginning of the session of court, from the third Monday to the first Monday in May, 1931, was made within a year after Judge Taliaferro had fixed the date of beginning of the session. The second section of Act No. 163 of 1898 provides that, in the judicial districts composed of more than one parish, the judge shall hold sessions alternately in
 
 *39
 
 each parish; and that he shall, by an order of court entered on the minutes and published at least three times in the official journal of each parish, fix the dates for the holding of the sessions in each parish; and that the date for the holding of any session of court shall not be changed within a year after the date of the order fixing the date for the session. The third section of the act, however, declares that the fixing of the sessions of court in a judicial district composed of more than one parish shall not affect the authority or duty of the judge to hold a session at any time in any parish in his district whenever the public interest may require it. Hence the prohibition against the changing of the date of a session of court within a,, year from the date of the order of court fixing the date has been construed as being for the benefit of the'court officials, to inform them when to draw a jury venire, or to make other preparations for the holding of a session of court; and it has been decided that no individual can complain of the judge’s holding a session of court at any time during the ten months term, though at a time not in accord with the dates fixed in the order of court, unless the complainant has been thereby ■ deprived of some legal right or advantage. State ex rel. Webb v. De Baillon, Judge, 51 La. Ann. 788, 25 So. 648, 649; State v. Winters, 109 La. 3, 33 So. 47; State v. Freddy, 118 La. 468, 43 So. 53, 54; Lawrason v. Swartz, 132 La. 511, 61 So. 554. In State ex rel. Webb v. De Baillon, it was said;
 

 “The fourth [meaning the third] section of Act No. 163 declares expressly that the fixing of terms shall not affect the authority or duty of the district judge to sit at any time in any of the parishes of his district .when the public interest may require. We think the general assembly did not have in view, in directing district judges to fix terms of court, to control them in the length of time during which they should actually hold court in the different parishes, but to designate in advance certain periods as ‘terms of court,’ with a view of furnishing the basis to public officials for fixing dates for drawing the venire, or doing other acts which, under - existing laws, may have to be done so many days before sessions of court.”
 

 In State v. Freddy, the court, after quoting the pertinent part of the third section of Act No. 163 of 1898, said:
 

 “The judge is not only authorized to bold court at any time in any parish of his district, when public interest may require it, but, also, whenever he thinks proper to-order the commission to - draw additional jurors for service during any session of the court or during a continuous session.”
 

 In Lawrason v. Swartz, it was said:
 

 “Though section 2 of Act No. 163 of 1898 provides that, in each of the districts composed of more than one parish, the judge of the district court shall by order of court, entered upon the minutes and published in the official journal, fix a date for the holding of the sessions of - the court, in each parish, and that no change shall thereafter be made in such order within less than a year, section 3 of the same act providés that the fixing of such sessions shall not affect the authority of the judge to sit, at any time, in- any parish of his district, whenever the public interest may require it, and the words ‘public interest’ .include within their meaning all the business of the court, civil and criminal, for the dispatch of which it is left to the sound, legal discretion of the judge, to hold his court when he thinks it advisable, subject to the condition, always, that parties
 
 *41
 
 in interest are not to be taken unfairly by surprise.”
 

 It is not contended that the defendant in this case was taken unfairly by surprise.
 

 As to the question whether the public interest required Judge Jones to hold a session of court in Concordia parish during the week beginning on the first Monday in May, instead of the third Monday in May, the judge says in the per curiam on the bill of exceptions that the dates of the sessions of court to be held in Concordia parish, as fixed by Judge Taliaferro, conflicted with the sessions to be held in the Eighth judicial district, and that it was therefore impossible for him (Judge Jones) to carry out the order of the Supreme Court without changing the dates for the sessions of court to be held in Concordia parish. That is a sufficient showing that the public interest required the holding of the session in Concordia parish in the week beginning on the first Monday, instead of holding it in the week beginning on the third Monday, in May, 1931. The object and purpose of Act No. 163 of 1898 is to facilitate the administration of justice — not to retard it. The statute would b.e a handicap instead of a facility in the administration of justice if it should not yield to the provisions of the Constitution (article 7, § 12) authorizing .the Supreme Court “to assign for any cause judges of one District Court to another District Court, and to provide for the interchange of judges of the District Courts, in such manner as best to carry out the purposes for which courts are created, and to secure the prompt and efficient administration of justice.”
 

 The verdict and sentence are affirmed.