152 So. 567

**STATE v. TURNER et al.**

No. 32577.

Jan. 2, 1934.

Herman (Hook) Turner, Harris Manteris, and Stafford Wells were convicted of having shot with intent to murder, while attempting to perpetrate robbery, and they appeal.

Verdict and sentence annulled and set aside, and case remanded, with directions.

C. P. Thornhill and William H. Mecom, both of Columbia, R. W. Oglesby, of Winnfield, and S. R. Holstein, of Winnsboro (John R. Hunter, of Alexandria, of counsel), for appellants.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and V. M. Mouser, Asst. Dist. Atty., of Columbia (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

OVERTON, Justice.

On June 24, 1933, the defendants, three in number, drove into the village of Grayson, in

Caldwell parish, from a distant locality. On arriving at their point of destination in the village, two of the defendants, Turner and Manteris, descended from the automobile to enter the Grayson Bank, and the remaining defendant began circling the block on which the bank was located. Turner and Manteris entered the bank and Wells continued to circle the block, intending to stop on arriving again at the bank. Turner and Manteris having entered the bank, notified the officials present that their presence meant a "holdup," and ordered them, with pistols drawn, to throw up their hands. The officials obeyed. One of them spontaneously cried that there was no money in the bank, as it was in liquidation. One of the defendants answered by shooting him down, and the remaining defendant, who entered the bank, shot the other official down at once. Neither official died of the wounds received, nor was any money obtained by the would-be robbers.

Six days after this attempted robbery and the attempted murders, the trial judge issued an order that the grand jury be convened for July 3, 1933. It so happened that the day the grand jury was ordered to be convened was the last day of court before the summer vacation, as prescribed by the rules of court. The trial judge, realizing this, undertook to amend the rules of court, so as to make the ten months' period for holding court include the month of July, thereby extending the court period a month later in the year. He, or they, as there are two judges allotted to the district, issued an order making the change, and caused it to be entered on the minutes of court. The order, however, was

published but once in the official journal of each parish in the district.

The grand jury convened on the day ordered, and, on the same day, returned a bill of indictment against defendants, under Act No. 24 of 1882, making it a capital offense for any one in the attempted perpetration of a robbery to shoot another with the intent to commit the crime of murder.

The bill of indictment contains two counts. In the first count, all three defendants are charged with having shot R. G. Baygent with intent to murder, while attempting to perpetrate robbery, and in the second, with having, at the same time and place, and as a continuation of the same unlawful transaction, shot Rush Tarver, with intent to murder, while attempting to perpetrate robbery.

Defendants were arraigned on this bill on July 8, 1933, and each pleaded not guilty. On the trial had, Turner and Manteris were found guilty as charged, which carries with it the death penalty, and Wells was found guilty without capital punishment, which carries with it life imprisonment in the penitentiary.

The act of the trial judge in convening the grand jury for July 3, 1933, to consider the charge against defendants, and his act in receiving and causing to be filed the indictment returned against defendants on the same day, caused defendants to ask to withdraw their pleas of not guilty and to present for filing a motion to quash the indictment on the ground that it was found by a grand jury convened during the vacation period of court, and was returned by it and filed during that period, all contrary to law. The trial judge, on motion of the district attor-

ney, refused to permit the withdrawal of the pleas of not guilty to the end that the motion to quash might be considered. A bill of exceptions was taken to the refusal of the judge, and the motion to quash was permitted to be filed for the purpose of being attached to the bill of exceptions.

The drawing and summoning of a panel of petit jurors to try defendants during July also provoked a motion to quash the panel on the theory that such a panel was an illegal one, and that a jury drawn from it would be without authority to pass upon the guilt or innocence of defendants. The motion to quash the panel was overruled and a bill of exception was reserved.

The regular panel was exhausted without the selection of a single juror, and defendant objected, when presented with the tales jurors summoned, to going to trial before a jury selected from them, for the reason that the jury to be impaneled would be without jurisdiction to try the case, as the time of trial was the vacation period of the court; there having been no compliance with the law giving district judges the right to extend a session of court into such a period. This objection was overruled, and a bill of exception was taken to the ruling.

The foregoing objection and motions relate to the same matter, namely, to the validity and effectiveness of the order of court, taking July from the vacation period, and putting it into the period for holding court, and to the right of the trial judge to try a felony case during the vacation period, as well as, though remotely, to convene the grand jury during that period to investigate cases and to return true bills.

We prefer, in considering the matter here presented, to take up for consideration the third bill of exception, which is the one taken when the tales jurors were presented. There, the objection urged raises more clearly and directly the question of the right of the court to proceed on the order extending the term of court.

Section 43 of article 7 of the Constitution provides that: "District Courts, the Civil District Court and the Criminal District Court for the parish of Orleans excepted, shall hold continuous sessions during ten months of the year. * * * In each district composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require. * * * *"

The second paragraph of section 42 of article 7 of the Constitution provides that: "The district judges shall have authority to try at any time misdemeanors, and, when the jury is waived by the defendant, all cases not capital or necessarily punishable at hard labor, and to receive pleas of guilty, in all cases less than capital."

In order to carry out article 117 of the Constitution of 1898, which has been carried substantially into the present Constitution as section 43 of article 7, quoted supra, the Legislature enacted Act No. 163 of 1898, the second and third sections of which read as follows:

"Sec. 2. * * * In districts composed of more than one parish the Judge shall sit alternately in each parish and the session from one parish to the other, shall be continuous, provided that no session in any parish of a District shall be fixed for less than one week or more than three weeks, as the public business may require. The District Judge shall, by an order of Court fix a date for the holding of the sessions in each parish, which order shall be entered on the minutes of the Court and published at least three times in the official journal, in each parish, and after being so fixed, no change shall be made in such order within less than one year thereafter.

"Sec. 3. It is the intent and meaning of Article 117 of the Constitution that District Courts shall always be open and the proceedings held to be in open Court, while the Judge is on the bench and that the fixing of sessions in Districts composed of more than one parish shall not affect the authority or duty of the Judge to sit at any time in any of the Parishes of his District when the public interest may require it."

■■ The Eighth judicial district is composed of more than one parish. For some four or five years, as appears from the per curiam of the trial judge to one of the bills of exception, the summer vacation began on July 1 and ended on September 1, as fixed by court order, thereby including all of July and August in the vacation period. The two judges of the district, feeling that the public business required it, and so reciting, issued the order of June 30, 1933, extending the court term, so as to include July in the term and exclude September therefrom, so far as concerns the year 1933. The right of district judges to amend their rules of court so as to change the vacation period cannot be successfully questioned. The change, however, must be done in the manner prescribed by law to give it legal force and effect. The order, making it, must be entered

on the minutes of court in each parish of the district, and must not be issued within a year of the issuance of the order to be superseded or amended. The law, in these respects, was complied with fully. The order, making the change, must also be published in the official journal of each parish of the district for at least three times. This was not done, for the order was published but once.

The statute, Act No. 163 of 1898, is not directory, but is mandatory, as to the manner of making changes in orders fixing court terms. As a result of the failure to publish the order three times, it was without effect when these defendants were put upon their trial, and the prior order was then still in full force. Therefore defendants were brought to trial during the vacation period of the court, and were then tried and convicted of a capital offense.

█ The court is without power to impanel a jury and try one for a capital offense or even for a felony of lower degree during the vacation period, as fixed by order of court. This would seem to appear from the second paragraph of section 42 of article 7 of the Constitution, where, although authority is affirmatively granted to district judges to try misdemeanors at any time, they being triable without a jury in all instances, and to try at any time cases not capital or necessarily punishable at hard labor, where the jury is waived, and to receive pleas of guilty in all cases, whether felonies or not, less than capital, they are, by necessary implication, denied the power to try criminal cases "at any time," that is, without reference to the vacation period, where a jury is necessary,

as provided by section 41 of article 7 of the Constitution, or to receive pleas of guilty in capital cases, a jury being necessary to accept such pleas. The expression, "at any time," is inserted in this section of the Constitution to grant, more particularly with reference to the vacation period, power to try certain classes of cases while withholding or denying power to try other classes of cases during that period, namely, cases in which the impaneling of juries is necessary. Any other construction of paragraph 2 of section 42 of article 7 of the Constitution would make, we think, paragraph 2 useless.

█ In this connection it is proper to observe that section 3 of Act No. 163 of 1898, declaring the intent of article 117 of the Constitution of 1898, and providing that district courts shall always be open, and the proceedings held to be in open court while the judge is on the bench, must be construed with the preceding sections and relates to sessions held in term time. State v. Colbert, 129 La. 326, 328, 56 So. 273.

The question, here presented, came before us in the case of State v. Colbert, supra, under article 117 of the Constitution of 1898, which, in essential respects, is identical with sections 42 and 43 of article 7 of the present Constitution, and under Act No. 163 of 1898. It was there held that a district court had no power to impanel a jury and try a person for a felony during the vacation period, and the trial was prohibited at such time by this court. This is the only criminal case, directly on the point, that has been decided by this court. Reference may be had, however, to the civil case of Colonial Homes Realty & Investment Co. v. Sample, 136 La.

195, 205, 66 So. 788, which announces a rule similar to that announced in the Colbert Case, and which is pertinent here.

There are other cases, which bear some relation to the question, here presented, but that relation is too remote to make them appropriate. One of them is concerning the act of the judge in prolonging a session of court, within the ten months' court period fixed by order of court for a particular parish within the district. In that case, it was held that the judge, within the ten months' period, had power, notwithstanding the fixing of sessions, to go from one parish to another, as the public business may require, and that such action on his part was within the provisions of the Constitution, and was sanctioned by section 3 of Act No. 163 of 1898, providing that the fixing of sessions shall not affect the authority or duty of the district judge to sit at any time in any parish of his district, when the public interest may require that this be done. State ex rel. Webb v. De Baillon, 51 La. Ann. 788, 25 So. 648.

Another of such cases is State v. Kane, 173 La. 36, 136 So. 80. There the judge changed, within a year after the issuance of the order fixing sessions, in a district composed of more than one parish, the date for holding a session of court to another date within the ten months' period. The court there held, in effect, that the changing of the date, notwithstanding the statutory prohibition, was not ground for complaint by the accused, since, by virtue of section 3 of Act No. 163 of 1898, the judge could have held the session, the public business requiring it, without making the change.

Still another of such cases is State v. Dreher, 166 La. 924, 118 So. 85. In it a case was presented where the judge, after impaneling the jury for a murder trial, discovered that it would be impossible for him to finish the trial within the three days remaining before the vacation period arrived. He immediately issued an order extending the court term from the last day of July to August 15. Without reference to the effectiveness of the order making the change, it may be observed, without saying more, that it is obvious that, as the judge had commenced the trial by the impaneling of the jury, and it appearing that he could not complete the trial in the three days remaining, he had the right, within the intendment of the Constitution and the statute, to carry the trial to completion, the session having become automatically extended for that essential purpose.

These cases (and others might be cited to the same effect) are not pertinent to the state's position here. They are cases which were either begun and tried during the ten months' period, or begun within that period, and it was necessary to complete them.

We conclude that the objection urged to being tried before a jury drawn from the tales jurors during the vacation period, the order extending the session not having become effective, is well urged. We may say the same as to the motion to quash the panel of petit jurors. As to the motion to quash the bill of indictment, that motion is not properly speaking before us, but only a bill of exception to the refusal of the trial judge to permit the plea of not guilty to be with-

drawn so that the motion could be presented for consideration. We do not find it necessary to pass on the bill to this refusal, but precaution will dictate to the prosecution the advisability of laying the case before the grand jury again with the end in view of securing another bill.

██ The record presents six other bills. It is not necessary to pass upon them, for, not only are the grounds giving rise to them unlikely to occur again, but, in our view, none of them is meritorious. One of these is a motion in arrest of judgment, concerning which something should be said. This motion is based upon the ground of duplicity in the indictment by charging two felonies, one in each of two counts, of the same class and description, and growing out of the same continuous unlawful transaction. The motion does not reach the defect complained of, but is a complaint which must be urged before the jury is sworn either by demurrer or by motion to quash. Code Crim. Proc. art. 221. Even had the complaint been properly pleaded we do not think that the indictment is amenable to the charge of duplicity. The repeal of article 218 of the Code of Criminal Procedure (Act No. 153 of 1932), relating to charging two or more offenses in distinct counts, does not have the effect of repealing the rule at common law as to charging such offenses.

For these reasons the verdict of the jury and the sentence of court are annulled and set aside, and the case is remanded to be proceeded with according to law.

ROGERS, J., dissents.