## No. 9445.

THE STATE OF LOUISIANA VS. ALCIDE DELAHOUSSAYE.

87 551
45 1357

37 551
49 599

37 551
d113 720
e113 721

An accused who, on arraignment, pleads guilty of the charge preferred against him, may be allowed to withdraw his plea of " guilty " and to plead " not guilty." But the request to make the change must be made within reasonable time, and the discretion of the trial judge in refusing the request will not be disturbed on appeal unless the ruling be glaringly unjust.

The ruling of the judge will be affirmed when nineteen days have elapsed between the date of the arraignment and that of filing the motion for the change of the plea, and when the jury for the term had in the meantime been discharged.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *DeBaillon*, J.

*R. C. Smedes*, District Attorney, and *M. J. Cunningham*, Attorney General, for the State, Appellee.

*C. E. Girard* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The complaint in this case is that the accused was denied the right of withdrawing his plea of *guilty*.

The record shows:

That on the 5th of March, 1885, an information was filed against the defendant charging him with the crime of horse stealing.

On the 6th, the day following, the accused was arraigned and pleaded " Guilty."

On the 25th of the same month, on which day sentence was to be passed on him, he filed, through counsel whom he had retained in the meantime, a motion praying for leave to withdraw his previous plea, on the ground that he had made it "under a misapprehension of the law applicable to the facts of his case," and praying for a trial by jury.

In the bill taken to his ruling against the relief asked in the motion, the trial judge informs us that the jury for that term of his court had been discharged when this motion was filed, and that when arraigned the accused had made no request for the assignment of counsel to assist him in his defense.

The charge of horse stealing does not involve any complicated points of law; hence in his motion, while the accused invokes a misapprehension of the law applicable to his case, we do not understand him as denying the facts which were admitted in his plea of guilty.

The main fact was the stealing of a horse, and we are therefore at a loss to conceive of what law he could have misapprehended, unless it

be the law fixing the penalty for the crime which he had freely and voluntarily confessed.

This error could surely not justify the conclusion that he had pleaded through error as to the nature of the charge to which he was called to answer.

Jurisprudence recognizes the right of an accused to recant his confession made on arraignment and to supplant it by the plea of not guilty. But it is clear that the judge may in his discretion refuse to allow the change when he is satisfied by the surrounding circumstances that the ends of justice cannot be served by allowing the privilege.

The facts shown by this record are sufficient to satisfy us that the trial judge exercised sound legal discretion in overruling the motion in this instance.

Nineteen days had elapsed since the day of the arraignment; the jury had in the meantime been discharged, and the relief prayed for would practically have operated a continuance of the cause to a future term of the court. We entirely concur with the judge in his ruling that the motion was made too late.

We find no error in the proceedings.

Judgment affirmed.