## No. 12,451.

STATE OF LOUISIANA VS. CHARLES JAMMERSON, ALIAS DOZEY, ALIAS BLACK.

Jurisprudence recognizes the right of an accused to recant his confession made on arraignment and to supplant it by a plea of not guilty; but the trial judge may, in his discretion, refuse to allow the change when he is satisfied by the surrounding circumstances that the ends of justice can not be served by allowing the privilege.

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia.    *Voorhies, J.*

*M. J. Cunningham*, Attorney General, and *James Simon*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*A. & Chas. Fontelieu* for Defendant, Appellant.

Submitted on briefs March 20, 1897.
Opinion handed down March 29, 1897.

The opinion of the court was delivered by

WATKINS, J. The defendant was indicted and convicted of petit larceny and sentenced to imprisonment in the State penitentiary for

a period of six months, and from the sentence and judgment pro-
nounced he prosecutes this appeal.

To sustain his appeal the defendant relies on a single bill of excep-
tions he reserved to the ruling of the trial judge, in refusing to allow
him to withdraw a plea of guilty and substitute a plea of not guilty,
and demand a trial by jury.

The bill of exceptions recites that the defendant's counsel did file
a motion to withdraw his plea of guilty and substitute the plea
of not guilty, and demanded an immediate trial. That the jury
commissioners had drawn a jury for the fourth week of the term,
which had not been discharged at the time said motion was filed,
and that said motion was filed just as soon as he was able to secure
the services of counsel to represent him.

The trial judge assigns the following as his reasons for declining
to grant the defendant's plea, viz. :

"Because the party pleaded guilty at the beginning of the term,
and makes this motion after the jury term has ended, and when there
is no jury in attendance, (on account of which) he could not be tried
before September next, the regular jury term of this court. If there
was any doubt in the court's mind of the guilt of the accused,
the court in its discretion might grant the request, although the
accused is not entitled to it as a matter of course."

Because the jury for the fourth week was ordered not to report in
court, as no cases were to be tried during the fourth week, the judge
having given this order in open court on the Saturday of the third
week.

And " because a confession of guilt *on an arraignment* is final, and
can not be withdrawn without the State's consent, or consent of the
court. No such circumstance exists in this case; and after a plea
of guilty, nothing is left for the court to do but pass sentence."

There is nothing in the record to impeach this statement, and yet
the insistence of defendant's counsel is, that, in point of fact, the
withdrawal of the jury drawn for the fourth week of the term had
not been formally ordered, nor had they been notified by the court
not to appear.

In the present state of our jurisprudence we are dispensed from
discussing that question, as this court is bound to accept, without
question, the statement of fact contained in the judge's assignment
of reasons which the bill of exception contains.

In State vs. Delahoussaye, 37 An. 551, this court was called upon to deal with a similar question and in so doing said:

" Jurisprudence recognizes the right of an accused person to recant his confession made on arraignment and to supplant it by·the plea of not guilty.

" But, it is clear that the judge may, in his discretion, refuse to allow the change when he is satisfied by the surrounding circumstances that the ends of justice can not be served by allowing the privilege.

" The facts shown by the record are sufficient to satisfy us that the trial judge exercised sound legal discretion in overruling the motion in this instance."

The ruling of the judge in the instant case was exactly in keeping with that decision.

Judgment affirmed.