BREAUX, C. J.
Relator was charged in three bills of indictment with having at different times, as cashier, received deposits in the Gibsland State Bank, with knowledge that the bank was insolvent and in a failing condition.
The defendant cashier appeared, waived arraignment, and pleaded not guilty in each of the causes.
On verbal motion of the district attorney, the causes were assigned and fixed to be tried on the 1st day of August, 1911.
The motion of the district attorney was opposed by defendant.
*327 The court sustained the district attorney and fixed the case.
Defendant’s objection to the fixing was that August and September are vacation period of the court in Bienville parish, one of the parishes in which the Third judicial district court, in which the indictments were found, holds sessions.
[1] The defendant pleaded that the term of the court expired at midnight on July 31,-1911; that he was entitled to a trial by jury in open court; that he cannot be tried and convicted at chambers.
Ten months in the year is the duration of the continuous sessions of the court, for which provision is made in the Constitution. The two remaining months are not part of the continuous session.
In districts consisting of one parish, “the judge shall hold court during the ten months of the year.”
In districts of two or a larger number of parishes, the continuous session consists also of 10 months, during which court is held alternately in the parishes of the district.
But the prosecuting officer for the state raised the point that there is a difference between districts; that is, when a district is composed of one parish or when it has two or more parishes.
The contention on the part of the state is that, while it may be true that in districts consisting of one parish the session is limited to 10 months, there is no such limitation in the larger districts consisting of several parishes.
We are unable to agree with this view.
It is true that in the first section of Act No. 163 of 1898 reference is made particularly to districts composed of one parish.
As to these, the statute provides that the judge “shall hold court during the ten months of the year, and that the session shall be continuous.” In section 3 of that act the provision is that the district court “shall always be considered as in open session while the judge is on the bench.”
If this were construed as contended for by the prosecuting officer for the state (i. e., that the court “shall always be considered in open session while the judge is on the bench, even though the session be extended to include the twelve months”), it would be in direct violation of the article of the Constitution upon the subject, for it provides that the court shall hold a continuous session during ten months of the year in all districts, whether there are in the district one or two or more parishes.
This time limit applies to both' — the one parish district and to the districts in which there are a’ larger number.
In our view, the court is a continuous court whenever the judge is on the bench, but that only when within the time provided by the Constitution; that is, within the 10 months.
Again the minutes of the court recall that the case was fixed for August 1st to be tried in open court.
Under the terms of the Constitution, no trial could be had in open court on that day.
The law always fixes the time for holding sessions of court. In this instance the state has expressly commanded, as relates to her courts, the time within which open sessions shall be held.
This time cannot be extended by Constitution to enable the state to prosecute an accused as if in open court.
Furthermore, relator alleges that the entire months of August and September are vacation period of the Third Judicial district court.
The respondent judge in his answers admits that the allegation “set up by applicant, Richard Colbert, is substantially correct.”
It being conceded that the court was in “vacation,” the accused could not be tried.
*329 It would be in our view an usurpation of jurisdiction; a trial out of term time.
[3] “The remedy by appeal,” another ground urged by the respondent judge to vacate the order which has been rendered, is not fatal to relator’s application for a writ of prohibition.
While it is generally true that this court will not interpose its authority in an appeal-able case, it is different, however, when the court of original instance is without jurisdiction.
In this case it is very evident that that court is without jurisdiction.
It would therefore be a waste of time and occasion unnecessary costs to try the case at the date proposed.
Respondent cited section 10 of Act No. 135 of 1898, in which it is written that jurors may serve “in a subsequent week of a session of court.”
This has application to sessions in open court during the 10 months mentioned.
[2] Respondent also cites 109 La. 3, 33 South. 47, State v. Winters, and 118 La. 470, 43 South. 53, State v. Freddy.
They have no direct application to the point here involved. They relate to some action of the court during the 10 months continuous session, and the question of the trial of an accused out of term time did not arise in these cases.
The court held in the cited cases that the district court could be held at any time; but did not hold that it could be held at any time within the 12 months.
In the case of Brouilette v. State, 45 La. Ann. 243, 12 South. 134, the question was exclusively of jurisdiction.
The court held on an application for a writ of certiorari that relator could not be forced to trial in a court which had no jurisdiction, even though there was a remedy by appeál.
For reasons stated, it is ordered, adjudged, and decreed that a writ of prohibition issue, | prohibiting and restraining the respondent judge and William G. Barnette, district attorney, from forcing relator to trial on the 1st day of August, 1911, or any other subsequent date during the vacation period of said court, and that to the extent stated the writ is made absolute.