(64 South. 800.)

No. 20,320.

STATE v. GEORGE.

(Jan. 19, 1914.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW (§ 301*)—APPLICATION TO WITHDRAW PLEA OF NOT GUILTY—CONCLUSIVENESS OF OATH.

Upon an application to withdraw a plea of not guilty on the ground of ignorance and error, the trial judge is not concluded by the oath of the accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 687; Dec. Dig. § 301.*]

2. CRIMINAL LAW (§ 301*)—APPEAL—DISCRETION OF TRIAL JUDGE—NEW TRIAL.

Matters of new trial, founded on fact, are largely, if not almost entirely, within the discretion of the trial judge, and his overruling of a motion to withdraw a plea of guilty on the ground of ignorance and error, qualified by his statement that before accused pleaded guilty he was asked twice if he knew what he was doing,

and was told that on a plea of guilty he would be sentenced, to which he answered that he had committed the crime, wanted to plead guilty, understood the plea, and asked for mercy, was not an abuse of discretion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 687; Dec. Dig. § 301.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Edward George was convicted of burglary and larceny, and, from the overruling of his motion for a new trial, he appeals. Affirmed.

P. S. Pugh, of Crowley, for appellant. R. G. Pleasant, Atty. Gen., and C. B. De Bellevue, Dist. Atty., of Crowley (G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. Accused pleaded guilty to burglary and larceny, and was sentenced to two years in the penitentiary for the burglary and to costs of court for the larceny. This was on the 8th of November. Four days thereafter, on the 12th, one of these four days being a Sunday, he, through counsel, filed a motion for a new trial duly sworn to, as follows:

"That, when he entered his plea of guilty herein, he was unrepresented by counsel and was ignorant of the nature of the charges and the effect of his plea. That he is innocent as charged in said indictment of the crimes therein charged, and desires to withdraw his plea of guilty entered herein through error and ignorance. That this has been his first appearance before a court of justice, and he is totally unfamiliar with the proceedings therein."

We find in the record two bills of exception purporting to have been reserved to the overruling of this motion. These bills are similar, except that in one of them the per curiam is more full than in the other. In one it reads as follows:

"That he pleaded guilty after being asked by the court twice if he knew what he was doing, and was told by the court that if he pleaded guilty he would be sentenced to the penitentiary, and the accused answered that he understood what he was doing."

In the other it reads as follows:

"That said accused, when arraigned, voluntarily pleaded guilty to the said charge against him, and, when he did so, the court asked the said accused, Edward George, if he knew what he was doing when he pleaded guilty to said charge, as it was a penitentiary offense, and he answered he did, and had committed said crime, and that he wanted to plead guilty, and asked the court for mercy, and the sentence imposed by the court was a light one in view that the accused had pleaded guilty to said charge."

Why two bills, instead of one only, this court is not informed.

[1, 2] In an application of this kind, to withdraw a plea of guilty on the ground of ignorance and error, we do not think the trial judge is concluded by the oath of the accused. If satisfied that the oath is not true, he should reject the application. And, when he has done so, a case very strong in its circumstances would have to. be presented in order to justify the interference of this court, for, as is well settled, matters of new trial, founded on fact, are very largely, if not almost entirely, within the discretion of the trial judge.

Judgment affirmed.