(64 South. 801.)

No. 19,728.

OSBORN v. TEXAS & P. RY. CO. et al.

(March 16, 1914.)

*(Syllabus by the Court.)*

DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

The only question presented being the quantum of damages to be allowed for personal injuries, resulting from the overturning of a transfer omnibus, the amount awarded by the district court is found to be somewhat excessive, and is reduced.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mary Osborn against the Texas & Pacific Railway Company and another. Judgment for plaintiff, and defendant Faust appeals. Amended and affirmed.

Dufour & Dufour and George Janvier, all of New Orleans, for appellant. Armand Romain, of New Orleans, for appellee.

MONROE, J. Plaintiff, being on her way from Texas to Alabama, took passage upon an omnibus, or van, owned by defendant, W. C. Faust, in order to be transferred from one depot, in New Orleans, to another, and the omnibus was overturned en route. She was occupying a seat upon the inside of the vehicle, and, when the accident occurred, was knocked senseless, severely bruised, had her collar bone broken, and sustained a fracture of the fossa, or socket, in which the end of the large bone of the upper right arm articulates. She and her husband live upon a small farm in Texas, and have been accustomed to doing most of their own work. Since the accident she has been unable to cook, do housework, milk the cows, churn the butter, or even put up her own hair; her right arm being so much disabled as to incapacitate her from raising her hand to her head, or lifting anything of weight. It also appears that there is but little prospect of improvement; she being (in 1912) in her sixty-sixth year. The judge a quo awarded her $4,000. It is admitted that defendant is liable for such damages as plaintiff may be entitled to recover; but it is contended by him that the amount allowed is excessive, and by plaintiff, who has answered the appeal, that it is inadequate. The amount allowed is in excess of awards which have been made by this court in cases of a similar character, and we think should be reduced to $3,000. It is therefore ordered that the judgment appealed from be amended by reducing the amount of the award to $3,000, and, as

amended, affirmed, plaintiff to pay the costs of the appeal.

PROVOSTY, J., takes no part, being absent on account of illness.