LAND, J.
The defendant was charged on information, filed April 15, 1915, with the *5 crime of arson in the nighttime; and on the day the information was filed the defendant, represented by counsel, was regularly arraigned and pleaded not guilty. The case was fixed for trial for the 19th of the same month.
On April 16, 1915, Jerome Mouton, Esq., stated in open court that although, on the arraignment of the defendant, he stood by the accused, that he was not of counsel in the case, having never been employed therein.
On, April 19, 1915, the following proceedings were had:
“Upon said case being called up, the said Olivier Gueriniere withdrew his plea of not guilty previously entered, and now pleads guilty to the charge preferred against him. And his honor, the presiding judge, having asked the accused,, Olivier Gueriniere, whether he had anything to say why the sentence of the law should not be pronounced against him, and the said Olivier Gueriniere having given his reasons why he expected the leniency of the court, it was considered by the court that the said Olivier Gueriniere be incarcerated in the state penitentiary at Baton Rouge, La., at hard labor for a term of (20) years, his term of imprisonment from the day of his incarceration therein, and that he pay all costs of these proceedings.”
On April 12, 1915, the accused in open court, being represented by counsel, filed a motion for a rehearing and a new trial, and the withdrawal of 'the plea previously entered by him. Time was granted until 2 p. m. of the 27th of the same month.
On April 22, 1915, the accused filed a written motion in open court for the withdrawal of his plea of guilty, and asked leave to enter a plea of not guilty.
On April 23, 1915, a similar motion was filed on behalf of relations and friends of the defendant. The minutes recite:
“And the state and defense having declared their readiness to take up the motions for the withdrawal of the plea of guilty entered by the accused and others, said motions taken up and tried and argued by counsel for the defense and submitted without argument by counsel for the state, and motions to withdraw plea overruled by the court, to which ruling of the court counsel for the accused excepted and reserved a bill.”
On April 29, 1915, the defendant, through counsel, filed a motion for a rehearing, with affidavits annexed. This motion was also overruled, and the defendant thereupon moved for and was granted an appeal to the Supreme Court.
The basis of all these motions was an averment that the accused was a person of unsound mind.
On the trial of the motions the evidence submitted on behalf of the defendant consisted of the ex parte affidavits of two physicians and other persons, and the evidence submitted on behalf of the state was taken in open court, and consisted of the testimony of two physicians, of the attorney, referred to in the minutes of the court, and of the trial judge.
The most that can be said in behalf of the defendant is that there is a conflict of evidence in the case. The evidence in behalf of the state is strongly corroborated by the undisputed fact that the only interposition of .the relations and friends of the defendant in his behalf was a request for leniency made by some of them to the judge.
The testimony of the trial judge shows that the defendant was an intelligent man, who acknowledged his guilt, and appealed to the clemency of the court.
In State v. George, 134 La. 863, 64 South. 800, the court said:
“In an application of this kind, to withdraw a plea of guilty on the ground of ignorance and error, we do not think the trial judge is concluded by the oath of the accused. If satisfied that the oath is not true, he should reject the application. And, when he has done so, a case very strong in its circumstances would have to be presented in order to justify the interference of this court, for, as is well settled, matters of new trial, founded on fact, are very largely, if not almost entirely, within the' discretion of the trial judge.”
Judgment affirmed.