PROVOSTY, J.
The reguest of the accused that his plea of guilty and the sentence passed upon him thereon be 'set aside having been refused, he has appealed. A full statement of the case is contained in the solitary bill of exception in the case, and the per curiam thereon, as follows:
“Be it remembered that after the defendant in the above-entitled cause had pleaded guilty and been sentenced by the court to serve a sentence of not less than two nor more than four years, he filed a motion which is hereto attached, and made part hereof, in which he requested the court’s permission to withdraw his former plea and go to trial on the issue for the reasons and on the grounds that he had been arrested, a bill of information filed against him, had been arraigned and had pleaded guilty all within an hour or two, without having had the advice of counsel or his father or any friend and having talked to no one but the officers of the court; that he was only 18 years old and knew not what his rights were in the matter; that he offered to produce evidence to show that he was unable to read and write, which was denied him upon the objection of the district attorney, the court having held that the motion came too late after plea.
“To all of which, the defendant through his counsel objected and excepted for the reason and on the grounds that, while it is within the sound discretion of the court to grant or refuse such motion, that discretion should be exercised in such contingencies, and a man who cannot read and write should not be sent to the penitentiary for forging and uttering as false.
“The court having overruled the defendant’s motion to take testimony, the defendant objected and excepted and files this his bill of exceptions to the court’s ruling and presents same to the district attorney and the court for approval and signature.”
“Defendant was arrested on the 20th of December, 1916, and arraigned on the 21st day of December, 1916; before arraignment, the court explained to the defendant the nature of the charge against him, and asked the defendant if he desired to plead guilty as the court had been informed the defendant desired to enter a plea of guilty. Whereupon the defendant informed the court that he desired to enter a plea of guilty. Defendant then was arraigned and plead guilty.
“The court, desiring to know some of the facts by which to be guided in imposing the penalty of the law, ascertained that the defendant had presented spurious orders to the White Sulphur Lumber Company and had received the coupon books on same; that on the 20th of December, 1916, the day of his arrest, he had presented one of the spurious orders to the said company and had received a $2 coupon book for same, and that identical coupon book was found in the possession of the defendant. The sheriff found the said coupon book hidden in the shoe of the defendant.
“For these reasons, the court was well satisfied that the defendant knew what he was doing when he entered a plea of guilty, and the court was further convinced that the ends of justice had been met and nothing could be gained by granting defendant a new trial.
“The motion for a new trial came too late, as same was offered to be filed after sentence had been passed and judgment signed. State v. Smith, 46 La. Ann. 1433, 16 South. 372.
“For the above reasons, the court refused to permit defendant to file motion for a new trial and refused to grant him same.”
See, further, State v. George, 134 La. 861, 64 South. 800.
Judgment affirmed.
SOMMERVILLE, J., concurs.