(76 South. 243)

No. 22595.

STATE v. HADAD.

(June 16, 1917.   Rehearing Denied July 20, 1917.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞301, 1149—APPEAL—REVIEW—DISCRETION OF TRIAL COURT.

Whether a defendant in a criminal prosecution who has been arraigned and pleaded not guilty should be permitted to withdraw the plea in order to file a demurrer is a matter so largely within the discretion of the trial judge that his ruling on the question will not be reversed on appeal unless it was an abuse of his discretion.

2. JURY ☞11(5)—JURY TRIAL—GUARANTY.

The Sixth Article of Amendment of the Constitution of the United States, providing that the accused in all criminal prosecutions shall have the right to a trial by jury, refers to prosecutions by the federal government for violation of federal statutes, not to prosecutions in state courts for violations of state statutes.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

John Hadad was convicted of retailing intoxicating liquor without a license, and he appeals.   Affirmed.

W. A. Mabry and Clem V. Ratcliff, both of Shreveport, for appellant.   A. V. Coco, Atty. Gen., and Lal C. Blanchard, Dist. Atty., of Shreveport (Vernon A. Coco, of Marksville, of counsel), for the State.

O'NIELL, J.   The defendant was convicted of retailing intoxicating liquor without a license, was sentenced to pay a fine and be imprisoned, and has appealed.

On arraignment, he pleaded not guilty, and the case was then assigned for trial four days later.   On the next day after arraignment he employed an attorney to defend him; and when the case was called for trial the attorney filed a motion or petition to be allowed to withdraw the plea of not guilty, in order to file a motion for a bill of particulars, a motion to quash the bill of information, and a prayer for trial by jury.   He alleged as a reason why he should be permitted to withdraw the plea of not guilty that he was a foreigner, ignorant of judicial proceedings, and had not the advice of counsel when he was arraigned and pleaded to the bill of information.   The judge refused to allow the plea of not guilty to be withdrawn; and, under the law, the defendant was not permitted to file a demurrer or motion for a bill of particulars after having pleaded to the bill of information.   A bill of exceptions was reserved to the judge's refusal to permit the withdrawal of the plea of not guilty.

[1, 2] Whether a defendant should be permitted to withdraw his plea to an indictment or bill of information is a matter so largely within the discretion of the trial judge that his ruling on the question will not be reversed on appeal unless it amounts to an abuse of discretion.   State v. Delahoussaye, 37 La. Ann. 551;   State v. Williams, 45 La. Ann. 1356, 14 South. 32;   State v. Jammerson, 49 La. Ann. 597, 21 South. 728;   State v. Coleman, 141 La. 166, 74 South. 892;   12 Cyc. 350.   The ruling in this instance, far from being an abuse of the discretion vested in the trial judge, was eminently correct.   The motions which the defendant intended to file, if the plea of not guilty should have been withdrawn, were utterly without merit,

as far as we are able to judge from the record. No reason whatever was assigned as a basis for a motion to quash the bill of information. The charge against the defendant being only a misdemeanor, he was not entitled to a trial by jury. See articles 9 and 116 of the Constitution. The learned counsel for the defendant invokes the provision of the Sixth Amendment of the Constitution of the United States that, in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by jury. That article of amendment of the federal Constitution refers to prosecutions for the violation of federal statutes, not to prosecutions in state courts for violations of state statutes. See list of decisions by the Supreme Court of the United States, cited in State v. Pailet, 139 La. 700, 71 South. 952. As to the motion for a bill of particulars, which the defendant proposed to submit, it appears that the district attorney had anticipated the defendant's request for all the particulars of the alleged offense of which the defendant had a right to be informed, and had recited all such particulars in the bill of information. The bill of information did not disclose the name or identity of the individual to whom the defendant was charged with having sold intoxicating liquor without a license. But surely it is not necessary to cite the numerous decisions, several of which are quite recent, holding that, in a prosecution for retailing intoxicating liquor without a license, the defendant is not entitled, as a matter of right, to be informed, in advance of the trial, of the name or identity of the individual to whom he is accused of having sold the intoxicating liquor.

When the case was called for trial, the defendant's counsel moved for a continuance on the allegation that he had not had sufficient time to compel the attendance of certain witnesses named in his motion. The judge refused to grant the continuance because the defendant had not exercised due diligence to procure the attendance of the witnesses; and, on that ground, we hold that the ruling was correct.

In another bill of exceptions it is recited that during the progress of the trial the district attorney called, as a witness for the state, a negro "spotter," who had come from the state of Mississippi; and that, before the witness testified, the defendant's attorney pleaded surprise and asked for a continuance to allow him time to secure evidence to prove the reputation of the witness and thereby impeach his testimony. The bill of exceptions was reserved to the judge's refusal to grant the continuance. The negro "spotter" referred to is the same witness who testified in the case of State v. Mike John, No. 22585, 76 South. 241,[1] decided to-day; and the question presented here is the same that was decided in that case, except that in the case cited the defendant had filed a motion for a bill of particulars before pleading to the bill of information, and except, too, that it is not stated in the bill of exceptions in this case that the negro "spotter" testified at all. The reasons given for sustaining the ruling in the case cited apply with much more force to the present case, and we therefore sustain the ruling here.

The judgment appealed from is affirmed.

[1] Ante, p. 65.