MONROE, C. J.
■ On November 24, 1917, two bills of information were filed in the district court in which defendant was charged, in separate counts, with forging and uttering, and, on the same day, he was arraigned, pleaded guilty to the charge of uttering, and was sentenced, in each case (the one sentence to follow the other), to imprisonment at hard labor for not less than two nor more than three years. Two days later, he appeared, through counsel, and filed a motion asking to be allowed to withdraw his plea of guilty and be granted a trial, or new trial, and a *1045 ■month later still he filed a supplemental motion for new trial; and, the motions having been overruled and bills of exception reserved, he prosecutes this appeal. The grounds relied on in the motions were that he pleaded guilty through error, that he intended merely to admit, as a fact, that he had presented the check for $26.50, the signature upon which is alleged to have been forged, for payment, but not to admit that he knew that it was forged; that, to the contrary, he had received it in payment of a debt that was due him, was ignorant of the forgery, and presented it in good faith; that he is unable to read or write (save to sign his name); has never before been charged with any crime or misdemeanor and has always borne a good character; that he was unprovided with counsel when he pleaded guilty, was not advised as to his constitutional rights, was not aware that he might have demanded a trial by jury, and that a jury, -even though convicting him, might have recommended a suspension of sentence, and that the bills charge no offense known to the law.
The statement per curiam, incorporated in the bills of exception, reads:
“Before defendant was arraigned and pleaded guilty, he voluntarily stated to T. R. Hughes, sheriff, that the check which he uttered had been forged in his presence by another party, and that defendant afterwards offered to pass the same. At the time of arraignment, defendant said he was guilty of offering to pass the check, knowing- that it had been forged, but that he had not forged the same. I explained to defendant what was meant by uttering a forged check, and told him that the penalty was imprisonment at hard labor. Defendant made no mistake in pleading- guilty. His sentence was heavier than he anticipated, and this is the real cause of complaint.”
As neither the motions nor the statement of the judge refer to but one check, and as the charge in one bill relates to a check the signature upon which was forged, and in the other to a check the indorsement upon which was forged, it is probable that both charges relate to the same check. Counsel for defendant does not, however, point out in what respect either of the bills fails to charge an offense known to the law. Upon the merits of defendant’s motions, we can only say that they present a strong case if their allegations be taken as true; but, unfortunately for the mover, we are unable to take them as true, since the allegation that defendant presented the check in question for payment, not knowing that it was- forged, is irreconcilable with the statement of the judge that, “at the time of the arraignment, defendant said that he was guilty of offering to pass the check, knowing that it had been forged,” which was based upon a happening that was within the personal and official cognizance of the judge.
It is, no doubt, the duty of a trial judge to permit the withdrawal of a plea of guilty if he has reason to believe that the interests of justice will be thereby best subserved, but the fact that a heavier sentence than was expected is imposed upon a person who admits his guilt does not necessarily furnish such reason. Defendant’s motions were set down for hearing, and after argument were denied, but it does not appear that any testimony was offered in their support, so that, as to the facts, the judge had nothing save the affidavits of the defendant, as against his own knowledge of what had taken place in. his court, plus the information derived from the sheriff, which may have been conveyed to him at that time or previously. The case, we think, falls within the general rule that the action of a trial judge in denying an application to withdraw a plea of guilty will not be reversed by this court unless the discretion vested in the judge in such matters has been plainly abused. State v. Delahoussaye, 37 La. Ann. 551; State v. Williams, 45 La. Ann. 1356, 14 South. 32; State v. Jammerson, 49 La. Ann. 597, 21 South. 728; State v. George, 134 La. 861, 64 South. 800; State v. Coleman, 141 La. 166, 74 South. 892; State v. Hadad, 142 La. 69, 76 South. 243.
Judgment affirmed.