(90 South. 387)

No. 24942.

## STATE v. DUNHAM et al.

(Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞274—Question of guilt not before court on motion to withdraw plea of guilty of robbery.**

On motion to withdraw a plea of guilty of robbery, the question of accused's guilt was not before the court, and evidence of an alibi was properly excluded.

2. **Criminal law ☞274—Motion to withdraw plea of guilty addressed to court's legal discretion.**

A motion for withdrawal of a plea of guilty to a felony is addressed to the sound legal discretion of the court.

3. **Criminal law ☞273—Plea of guilty to felony can be received by court in vacation.**

By authority of Const. art. 7, § 42, the district court has power to receive a plea of guilty to felony in vacation.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Frank McGuire and Frank Dunham pleaded guilty to robbery, and were sentenced. Motion by McGuire to withdraw plea overruled, and he appeals. Affirmed.

Thos. Arthur Edwards, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles, (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendants were charged with robbery, were arraigned and pleaded guilty on the 8th of August, 1921, and were each sentenced to the penitentiary for not less than four nor more than five years. The judgment was signed on the 9th, and motion to withdraw his plea of guilty was filed by Frank McGuire on August 11th; Dunham having accepted his sentence and now being in the penitentiary. The motion was fixed for trial by order signed at the foot thereof for August 17th, but was not heard until September 9th, when testimony was taken and the motion submitted and overruled.

Defendant has appealed, assigning as error the refusal to permit the withdrawal of his plea.

### Opinion.

The case is brought up on two bills of exception.

### Bill No. 1.

[1] On the trial of the motion to withdraw, accused offered evidence to prove an alibi, which was excluded on the objection of the state. The ruling, in our opinion, was correct, for the question of guilt or innocence was not before the court; in fact, the judge, as such, had no power or authority to determine that issue, in view of the nature of the charge, robbery. The only two questions which he was called upon to consider were: First, as to the mental responsibility of the accused in the sense of his appreciating the nature and effect of his act and having therefore made the plea voluntarily; and, second, as to whether the case could be disposed of in vacation, as was done.

### Bill No. 2.

[2] The second and last bill was retained to the denial of the motion to withdraw the

plea, and the two main grounds upon which it was based, were:

First, that McGuire was in such mental condition, from the effects of narcotics, as not to appreciate what he was doing when he pleaded guilty; and,

Second, that he was arraigned and pleaded during the vacation of the court.

Defendant was not entitled as of right to withdraw his plea, but the matter fell within the sound legal discretion of the trial court. If that discretion has not been abused, this court will not interfere. State v. Delahoussaye, 37 La. Ann. 551; State v. Jammerson, 49 La. Ann. 597, 21 South. 728; State v. Boutte, 119 La. 134, 43 South. 983; State v. George, 134 La. Ann. 863, 64 South. 800; 12 Cyc. 350 et seq. A review of the evidence in support of the motion has not convinced us that the lower court erred.

[3] On the second point, i. e., the power of the court to receive the plea in vacation, the matter is controlled by section 42 of article 7 of the Constitution of 1921, since the charge herein was filed on August 8th, and the new Constitution became effective from and after July 1, 1921. The provision mentioned reads:

"The district judges shall have authority to try at any time misdemeanors, and, when the jury is waived by the defendant, all cases not capital or necessarily punishable at hard labor, and to receive pleas of guilty in all cases less than capital."

This was sufficient authority for receiving the plea in vacation, even if the defendant may be said not to have waived the question by pleading without objection.

We find no other reason to disturb the judgment and sentence, and they are accordingly affirmed.

O'NIELL, J., is of the opinion that the court should have allowed the plea of guilty to be withdrawn.