(125 So. 618)

No. 30228.

## STATE v. WINDHAM.

Dec. 2, 1929.   Rehearing Denied Jan. 6, 1930.

George Wesley Smith and T. H. McGregor, both of Rayville, for appellant.

Percy Saint, Atty. Gen., David I. Garrett, Dist. Atty., of Monroe, and E. R. Schowalter, Asst. Atty. Gen., for the State.

BRUNOT, J.   The accused was charged with a misdemeanor, the unlawful selling of intoxicating liquor for beverage purposes. She was tried, convicted, and sentenced for that offense, and has appealed.

There is but one bill of exception in the record. It was reserved to the overruling of a motion, filed by defendant, for a postponement of the trial.  We quote the motion:

"Now into this court, through her undersigned attorney, comes the defendant and objects to the trial of the above styled and numbered case at this date, to wit, July 29, 1929, for the reason that this court is in vacation, the same having begun July 15, 1929, and the same will continue until September 15, 1929; avers that this court is not legally organized, and that therefore this court is at this time without authority to try respondent.  Wherefore respondent prays that the above styled and numbered case be postponed until the regular and legal sessions of this court."

On the trial of the defendant's motion, the state admitted that the vacation of the fourth judicial district court commenced on July 15, 1929, and continued to September 15, 1929. It is, therefore, admitted that defendant was tried during the vacation period of the court. The authority for trying misdemeanors at such time is found in section 42 of article 7 of the Constitution of 1921, which follows:

"The district judges shall have authority to try at any time misdemeanors, and, when the jury is waived by the defendant, all cases not capital or necessarily punishable at hard labor, and to receive pleas of guilty in all cases less than capital."

The Constitutions of 1898 (article 117) and 1921 (article 7, § 43) provide for a ten-months continuous session of district courts, and, except for unimportant changes in verbiage, article 117 of the Constitution of 1898 contains a provision similar to section 42 of article 7 of the Constitution of 1921.  Counsel for defendant contends that said section 42 is limited in its application, and the power conferred by it is to be exercised only during the ten months continuous session of the court.  In support of this contention the following cases are cited, viz.: State v. Colbert, 129 La. 326, 56 So. 273; State v. Thompson, 121 La. 1051, 46 So. 1013.

In the Colbert Case the accused was entitled to a trial by jury, and he did not waive that right.  It was conceded that the court was in vacation.  This court properly held that the district court was without jurisdiction to try the case at such time, and it sustained the defendant's application for a postponement of the trial to a day within the ten months continuous session of that court.

In the Thompson Case the question presented involved the right of the judge to sit, at any time during the ten months session of this court, in any parish of his district.  That question has no analogy whatever to the one presented in this case.

In State v. Dunham et al., 149 La. 1013, 90 So. 387, 388, the defendants, Dunham and McGuire, were charged with a felony; they were arraigned and pleaded guilty, at a time when the court was in vacation, and were sentenced to not less than four nor more than five years in the penitentiary. Thereafter McGuire filed a motion to withdraw his plea of guilty. The motion was heard and overruled, and the ruling was appealed from. In sustaining the ruling this court said:

"On the second point, i. e., the power of the court to receive the plea in vacation, the matter is controlled by section 42 of article 7 of the Constitution of 1921, since the charge herein was filed on August 8th, and the new Constitution became effective from and after July 1, 1921. The provision mentioned reads: 'The district judges shall have authority to try at any time misdemeanors, and, when the jury is waived by the defendant, all cases not capital or necessarily punishable at hard labor, and to receive pleas of guilty in all cases less than capital.' This was sufficient authority for receiving the plea in vacation," etc.

We see no reason to disturb the ruling in the Dunham Case, and, as it is decisive of the question presented in appellant's bill of exceptions, the judgment and sentence appealed from are affirmed.