## PIAZZA et al. v. LOUISIANA POWER & LIGHT CO. et al.

### No. 6115.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

N. I. Normand and Lester L. Bordelon, both of Marksville, for appellants.

Monroe & Lemann, of New Orleans, Joffrion & Bordelon, of Marksville, Polk & Robinson, of Alexandria, and Lessley P. Gardiner, of Baton Rouge, for appellees.

DREW, Judge.

This case was tried below and the lower court sustained an exception of no cause of action and dismissed plaintiffs' suit. This judgment was signed on April 28, 1939. On October 30, 1939, upon motion of the plaintiffs through their counsel in open court, a devolutive appeal was granted, returnable to the Second Circuit Court of Appeal at Shreveport on November 10, 1939, upon plaintiffs furnishing a bond in the amount of $100.

In this court appellees have filed a motion to dismiss the appeal for the reasons that the motion for appeal was made at a term of court subsequent to the term in which the judgment of the lower court was rendered, and that the motion was made orally and not by petition and citation, as is required by Article 573 of the Code of Practice of Louisiana.

Accompanying the motion to dismiss was the following:

"Twelfth Judicial District Court
"Parish of Avoyelles
"State of Louisiana

"I, the undersigned, Judge of the Twelfth Judicial District Court, sitting in and for the Parish of Avoyelles, State of Louisiana, hereby certify that the regular ten months' term of this Court for 1938-1939 ended July 15, 1939, and that Court adjourned on said date for summer vacation.

"In witness whereof, I have hereto placed my official signature and affixed the seal of this Court of this 29th day of April, A. D., 1940.

"C. R. Bordelon, Judge,
Twelfth Judicial District
Court, parish of Avoyelles,
State of Louisiana."

The record does not disclose there was an order spread upon the minutes of the Court fixing the vacation period or the term of ten months. It is also true that the certificate of the Judge quoted above does not appear in the record. It is only attached to the motion. It is unnecessary to remand the case to have this certificate attached, as there is no question as to its correctness.

It is appellants' contention that since the record fails to disclose that the term time was fixed by order of Court and spread upon the minutes, it cannot be presumed that the appeal was not taken during the ten-month term time and that if the term was not fixed by order, the term is indefinite and twelve months of the year shall constitute the term.

Article 7, § 43, of the Constitution of 1921 provides that the district courts shall hold continuous sessions during ten months of the year. In State v. Thompson, 121 La. 1051, 46 So. 1013, and State v. Colbert, 129 La. 326, 56 So. 273, the Court

held that ten months in the year is the duration of the continuous sessions of the Court. The two remaining months are not part of the continuous session. The Court is in session whenever the Judge is on the bench, but only within the period provided by the Constitution. These cases are approved in State v. Windham, 169 La. 563, 125 So. 618.

The Constitution leaves it to the discretion of the district judge as to which two months the court will be in vacation. In the Twelfth Judicial District, composed of the Parish of Avoyelles, the district judge, according to his certificate, fixed the vacation period from July 15th to September 15, 1939, for the court year 1938–1939.

The motion for appeal in this case was made in open court at a subsequent term of court to the one in which judgment was rendered and signed. It was not by petition and citation, as Article 573 of the Code of Practice requires.

All counsel for appellants are residents of and practitioners of the Parish of Avoyelles and it would be difficult to believe that any of them did not know of the vacation period of the Court. This fact is not controlling but is only mentioned in answer to the equity plea made.

We are convinced the appeal must be dismissed and it is so ordered; all costs to be paid by appellants.