PONDER, Justice.
 

 On November 17, 1937, the defendant, John Albano, was charged in a bill of information with the unlawful possession of marijuana plant and its derivatives in violation of Act 14, Second Session of 1934 and Act 16 of the First Session of 1935. On that date he was arraigned and pleaded guilty to the charge. The trial judge deferred the imposition of sentence and released the defendant on bond in the sum of $1,500. On April 7, 1941, the bond was
 
 *115
 
 cancelled and annulled, on the motion of the Assistant District Attorney, and the Sheriff of St. Bernard Parish was ordered to take the defendant into custody and incarcerate him in jail to await sentence. Counsel for the defendant requested the court to permit the defendant to withdraw his plea of guilty and enter a plea of not guilty. This request was accompanied by a motion to strike out the plea of guilty and to correct the records of the court to show that the defendant had pleaded not guilty. It is alleged that at the time of arraignment the defendant was not represented by counsel and that .he had intended and did plead not guilty to the charge. It is further alleged that the plea of guilty had been erroneously entered on the records of the court through mistake and error. The motion was tried and denied. The defendant then moved for a new trial on the grounds that the refusal of the trial court to set aside the plea of guilty and order the entry of a plea of not guilty was gross error and prejudicial to the constitutional rights of the defendant. This motion was also denied and the defendant was sentenced to serve from twenty months to five years in the penitentiary. The defendant has appealed.
 

 The two bills of exceptions taken to the rulings of the trial court are predicated on the overruling of the defendant’s motions which present two questions for our determination : first, whether or not the defendant at the time of arraignment pleaded guilty or not guilty to the charge; second, whether or not the trial judge abused his discretion in refusing to allow the defendant to withdraw his plea of guilty.
 

 The only evidence produced by the defendant to the effect that he pleaded not guilty at the time of the arraignment is the defendant’s testimony. The clerk of court, the assistant district attorney and a deputy sheriff testified that the defendant pleaded guilty at the time of arraignment. On the back of the bill of information we find the following notations: “Arraigned November 17, 1937; pleaded Guilty,” signed “Louis Vinsanau, Clerk”; “Sentence deferred, Bond $1,500.” The clerk of court testified that this notation was made by him at the time of arraignment. The minutes of the court of that date show that the defendant was arraigned and pleaded guilty, sentence deferred by the court, and bond fixed at $1,500.
 

 Counsel for the defendant contends that the minutes of the court show that a plea of not guilty was entered and the word “not” was stricken out at some later daté. The minute entry complained of reads as follows:
 

 “Information: Possession of Marijuana plant.
 

 “The accused, John Albano, being present in court was duly arraigned by the Clerk and entered a plea of NOT GUILTY, Sentence deferred by the Court. Bond fixed at $1,500.00.”
 

 The clerk of court was not questioned while on the stand about the minute entry, but we find in the record a photostatic copy of several minute entries showing that the minutes were recorded by a poor typist. Moreover, the three xxx’s over the word “not” are in perfect alignment with the
 
 *116
 
 preceding and subsequent words typed therein which show that the word “not” was stricken out at the time the entry was made. It would indeed be difficult to subsequently strike out the word in this manner by the use of letters in perfect alignment with the rest of the words used therein. The trial judge in his per curiam states that this point was not seriously urged on the trial of the motion and the clerk of court was not interrogated on this point.
 

 Under the provisions of Article 266 of the Code of Criminal Procedure the allowance or disallowance of the withdrawal of the plea of guilty is within the sound discretion of the trial judge.
 

 It is well settled that the action of a trial judge in denying an application to withdraw a plea of guilty will not be reversed by this Court unless the discretion invested in the judge in such matters has plainly been abused. State v. Ford, 142 La. 1044, 78 So. 111.
 

 Counsel for the defendant strenuously contends that the plea of guilty was erroneously entered and that the defendant should be allowed the right of trial by a jury.
 

 In a case of this nature, where the trial judge refused to allow the withdrawal of a plea of guilty which had been entered some three years before, this Court would not feel disposed to disturb the ruling unless it was clearly shown that the trial judge abused his discretion. After the termination of this period of time it might work a serious hardship on the State in securing its evidence. In fact the evidence may not now be accessible or may be destroyed and the State may be put to an impossible task in preparing its case and bringing the accused to justice.
 

 The testimony and the documentary evidence conclusively show that the defendant pleaded guilty at the time of the arraignment. Under the circumstances of this case we are not prepared to say “that the ruling of the trial judge, refusing to permit the defendant to withdraw the plea at this late date, was an abuse of his discretion.
 

 For the reasons assigned, the conviction and sentence are affirmed.