McCALEB, Justice.
Appellant was charged in bills of information with two separate violations of R.S. 14:95(3) for possession of burglar tools, and also for violating R.S. 14:284, the Peeping Tom statute. He was tried, found guilty in all three cases, and sentenced to serve one year in the parish prison on each charge for possession of burglar tools, and six months for violation of R.S. 14:284, all sentences to run concurrently. From these convictions and sentences appellant has prosecuted a single appeal to this Court.
Aside from the fact that the taking of one appeal from three separate sentences for disconnected violations of one statute and the violation of another statute is improper, we note at the outset that this Court is without jurisdiction of the appeal taken from appellant’s conviction of violating the Peeping Tom statute, for the sentence imposed by the trial judge for that violation did not exceed six months in prison.
Section 10 of Article VII of our Constitution provides:
“The following cases only shall be appealable to the Supreme Court:
******
*436 (5) Criminal cases in which the penalty of death 'or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”
Since violation of R.S. 14:284 is a misdemeanor and the sentence imposed thereunder does not exceed six months, this Court is without jurisdiction of appellant’s appeal from that conviction. His counsel, however, evidently realizing that this Court is without jurisdiction of that appeal, argue that such jurisdiction conferred on us by the last paragraph of Section 10 of Article VII of the Constitution, which declares that, if a case is appealed properly to this Court on any issue “ * * * the Supreme Court has appellate jurisdiction over all other issues involved in the case.”
This contention is without substance for the reason that the appeal from appellant’s conviction under R.S. 14:284 is separate and distinct from his appeals from the convictions in the other two cases. There are three cases and three appeals which have been improperly filed as one appeal. The constitutional provision relied on by counsel applies to a single case presenting several issues. In such instances, if this Court has jurisdiction on only one issue, it has the right to take cognizance of and decide all other issues, even though those issues would not be directly appealable here. Such is not the case here and, hence, the appeal from the conviction under R.S. 14.284 must be dismissed.
Considering now the appeals from the convictions under R.S. 14:95(3), we note that, whereas several bills of exceptions were reserved during the trial of the case, all have been abandoned except two which will hereinafter be discussed. These bills do not bear the same numbers in each case, and for this reason they will not be referred to by number but only by content.
Appellant filed motions for a trial by jury in the prosecutions, contending that he is entitled to a jury trial of these misdemeanor cases under the Sixth and Fourteenth Amendments to the Constitution of the United States. These motions were overruled by the trial judge and bills of exceptions duly reserved.
Under the Louisiana procedural system in criminal cases, all misdemeanors, i. e. —cases in which the punishment may not be at hard labor — “ * * * shall, until otherwise provided by law, be tried by the judge without a jury” as specified in Section 41 of Article VII of our Constitution, and is also provided by R.S. 15:340 and 341.[1]
*438 Our jurisprudence has rigorously adhered to these constitutional and statutory provisions, holding that an accused in criminal cases is not entitled to a trial by jury where a sentence at hard labor cannot be imposed. State v. Hadad, 142 La. 69, 76 So. 243; State v. Green, 210 La. 190, 26 So.2d 693; State v. Melerine, 236 La. 929, 109 So.2d 471; State v. Garrison, 244 La. 787, 154 So.2d 400; and State v. Henry, 250 La. 682, 198 So.2d 889.
Defense counsel recognize, as they must, the well-defined procedural law of- Louisiana. But, pointing to the upheaval in State criminal proceedings wrought by comparatively recent changes in the jurisprudence of the Supreme Court of the United States, which have overturned the long established jurisdictional concept that the first eight Amendments to the Federal Constitution are not applicable to the States (see e. g. Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97), counsel proclaim that, by virtue of the due process clause of the Fourteenth Amendment, appellant was entitled to a jury trial of the misdemeanors for which he was convicted in the court below. In support of this position, counsel cite among others, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, 84 A.L.R.2d 933; Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; and Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1.
The Sixth Amendment to the Federal Constitution provides in part: “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall'have been previously ascertained by law * * * ”
A literal reading of this provision indicates that the framers of the Constitution were referring to Federal tribunals exclusively in providing the place in which trials were to be had, as reference is made to trials in the “ * * * district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * * ”, meaning the federal district courts.[2] However, in view of the rationale expressed by, the United States Supreme Court in Gideon v. Wainwright, as restated in Pointer v. State of Texas (1965), and reaffirmed in Klopfer v. State of North Carolina (1967), to the effect that any provision of the Bill of *440 Rights which is “ ‘fundamental and essential to a fair trial’ is made obligatory upon .the States by the Fourteenth Amendment”, it must be ascertained whether the federal constitutional right to a jury trial in criminal cases is basically essential to a fair trial of a misdemeanor in the state courts.
Counsel for appellant do not suggest that in all misdemeanor cases in the state courts. On the contrary, it is their position that right to a jury trial in misdemeanor cases is to be determined by the nature of the charge, that is, that charges which are merely malum prohibitum do not require a jury trial, but that the trial of offenses, which are malum in se, require a jury trial to comply with the constitutional guarantee. This theory is said to be sustained by the Supreme Court of the United States in two cases arising in the District of Columbia and, in support of their contention, counsel cite District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177, and District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843.[3]
It seems to be well established by the decisions of the United States Supreme-Court that the constitutional right of trial', by jury does not extend to every criminal proceeding, and that a jury is not demand-able in trials for petty offenses. Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223; District of Columbia v. Clawans, supra; Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629, and the-many authorities there cited. A petty offense is classified in 18 U.S.C.A. § 1 (1964-ed.) as: “(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both * * * ”
Under the constitutional test laid down in. the Colts and Clawans cases, which relate-to the moral quality of the offenses rather than the severity of the penalty, counsel submit that, since the possession of burglar tools is malum in se and carries the stigma of moral disapprobation, the guarantee of' the Sixth Amendment must be applied by the court.[4] Likewise, under the classifica *442 tion of offenses provided by 18 U.S.C.A. § 1, the offense of possessing burglar tools would require trial by jury since the maximum sentence exceeds six months imprisonment.
 Nevertheless, this is not the real question posed for our decision. The real question is simply whether a trial by jury was a prerequisite to due process or an essential to a fair trial in the state court for any misdemeanor case. On this issue we reject appellant’s arguments. For, aside from the fact that our Constitution and laws do not sanction jury trials in misdemeanor cases and that we would not, under any circumstances, order a jury trial unless required to do so by final judgment of the United States Supreme Court, we are unable to perceive that an accused in a misdemeanor case is necessarily denied due process or a fair trial when he is tried by a judge instead of a jury. A fair trial, as we understand the expression, means simply a trial that is just; a trial in which the accused is given the benefit of all the safeguards provided by the Constitution and laws and one in which even-handed justice is dispensed. We cannot conceive, in the absence of proof to the contrary, that there is any rational basis for declaring that an unbiased judge cannot dispense justice in a misdemeanor case with the same quality of fairness and impartiality which could be expected of a jury which acts under the instructions of the judge. If this is so, and we think it is, we are unable to fathom any reason for declaring that the provision contained in the Sixth Amendment for trial by jury “ * * * is made obligatory upon the States by the Fourteenth Amendment” as stated in Gideon v. Wainwright.
The next bills of exceptions were taken when the trial judge overruled motions for a directed verdict. Defense counsel argue in their brief filed in this Court that appellant was prejudiced by denial of his right to trial by jury because of certain comments made by the trial judge in overruling the motion for a directed verdict in the case bearing the District Court No. 68,-964. However, the formal bills in the record on this motion recite “ * * * defendant moved for a directed verdict on the ground that the evidence was insufficient to sustain a conviction.”
It is well settled that the complaint that the evidence is insufficient to sustain a conviction presents nothing for our review on appeal, as this Court is without jurisdiction to determine questions of fact in a criminal case. State v. Crovetto, 229 La. 793, 86 So.2d 907; State v. Domino, 234 La. 950, 102 So.2d 227; and State v. Melerine, 236 La. 881, 109 So.2d 454. Compare State v. Gatlin, 241 La. 321, 129 So.2d 4.
*444 The argument raised for the first time in this Court, that appellant was prejudiced by denial of his right to trial by jury because of the comments made by the trial judge in overruling the motion for a directed verdict will not be considered as the motion for a directed verdict was not -.founded on that ground, and no objection was made and a bill of exceptions taken to the alleged improper remarks of the judge at the time they were given.
For the reasons assigned appellant’s appeal from his conviction for violating R.S. 14:284 is dismissed. As to his other appeals, the convictions and sentences are affirmed.

. The proceedings in the instant cases were had before the adoption of the New Code of Criminal Procedure. But see also Articles 779 and 933(4) of the Now Code.

. The first federal district courts were established by Congress under the Judiciary Act of 1789 and the Bill of Bights, comprising the. first ten Amendments to the Federal Constitution, was not adopted until 1791.

. In the Colts case, where the charge was reckless operation of a motor vehicle, the court held there was a right to trial by jury since the offense was “grave”. In the Clawans ease, where the charge was selling secondhand property without a license, the court held no jury trial was constitutionally required because the moral quality of the charge was relatively inoffensive.

. In addition, counsel point to the fact that the United States Supreme Court has granted writs in Duncan v. Louisiana, No. 410 on the Docket of that Court, to review the question of whether a jury trial is constitutionally required by the Sixth Amendment in all state court criminal prosecutions for misdemeanors. It is stated in the brief that this case is set for argument December 18, 1967, 388 U.S. 809, 88 S.Ct. 98, 19 L.Ed.2d 63.
However, we prefer not to delay our decision herein because of the pendency of that case, as it is not ordinarily our policy to withhold decisions in matters under advisement until the views from other courts on the same subject have: been expressed.