311 So.2d 893 (1975)
STATE of Louisiana
v.
Ronald Louis ROBINSON.
No. 55682.
Supreme Court of Louisiana.
April 24, 1975.
Murphy W. Bell, Director, R. Judge Eames, Trial Atty., Roland T. Huson, App. Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant was charged with negligent homicide, LSA-R.S. 14:32, in that on January 11, 1974, he negligently killed Bennie Hayes, Jr. Based upon testimony adduced at the preliminary hearing conducted on March 15, 1974, the trial judge determined that there was probable cause to hold the defendant on the charge.
At his arraignment on May 13, 1974, defendant pleaded not guilty. However, on July 18, 1974, defense counsel informed the trial court that the defendant wished to plead guilty to the offense charged. After interrogation of the defendant to determine the voluntariness of the proffered plea and after the defendant stated that he knew that the maximum penalty for the offense was five years with or without hard labor, the trial judge accepted the plea. Sentence was deferred pending a pre-sentence investigation.
*894 Prior to sentence, defense counsel moved to withdraw the previously accepted guilty plea. A hearing was held on October 1, 1974, and the motion was denied. The trial judge sentenced the defendant to serve five years in the East Baton Rouge Parish Prison, with the recommendation that he be placed on the Work Release Program.
It is the denial of the defense motion to withdraw the guilty plea that forms the basis of this appeal. The motion had been filed after defense counsel learned that the sentence to be imposed was greater than that anticipated and that it would not be suspended.
Defense counsel now argues that the trial court erred in denying the motion, because the defendant would not have pleaded guilty had he known he would receive a five-year sentence.
The defense argument is without merit. At the hearing on the motion to withdraw the guilty plea, the trial judge stated that his decision to incarcerate the defendant was based upon the testimony at the preliminary hearing.
The dissatisfaction of the defendant with the sentence he receives is an insufficient basis for the withdrawal of a guilty plea. A defendant in a criminal prosecution cannot test the sentence and then, if dissatisfied with it, elect to go to trial. State v. Johnson, 260 La. 902, 257 So.2d 654 (1972).
It has long been the rule that the withdrawal of a guilty plea rests within the sound discretion of the trial judge. LSA-C.Cr.P. Art. 559; State v. Ballard, La., 282 So.2d 448 (1973); State v. Dunham, 149 La. 1013, 90 So. 387 (1922).
The defendant was fully informed here of the consequences of his plea. Under the circumstances, we find no abuse of discretion on the part of the trial judge.
For the reasons assigned, the conviction and sentence are affirmed.