BARHAM, Justice.
Defendant was convicted upon his plea of guilty of felony theft of a thing of a value of five hundred dollars or more and was sentenced to eighteen months in the Parish Jail. On this appeal, defendant urges reversal of his conviction and sentence, relying on one assignment of error, based on the trial court’s denial of his motion to withdraw his plea of guilty. Finding no abuse of discretion in the trial court’s refusal to allow defendant to withdraw his plea of guilty, we affirm the conviction and sentence.
Defendant originally entered a plea of not guilty to this charge of theft and waived his right to trial by jury on the date of the entry of that original plea. The defendant later withdrew his waiver of the right to a jury trial and trial was begun before a jury. At the conclusion of a recess during trial the attorney for the defendant announced to the trial judge that defendant wished to change his plea of not guilty to a plea of guilty. Ascertaining from the defendant that the announcement reflected his wish, the trial court ordered the defendant sworn and examined him regarding his understanding of the rights he waived by the entry of a plea of guilty. The trial court further determined that the defendant’s plea was neither coerced nor involuntarily tendered, and that it was freely and voluntarily made. After a painstaking examination during which the trial court required the defendant to acknowledge that he was aware of and understood that he was relinquishing his rights to a jury trial and confrontation of the witnesses against him, his privilege against self-incrimination,* and other valuable defense rights, the trial court announced that it accepted the change of plea. Upon the trial court’s announcement, the State notified the court that it had no intention of charging the defendant with any of the other crimes for which he was booked at the time of his arrest on the theft charge. The trial court deferred sentencing until a later date, ordered the jury ■ brought back to the courtroom, announced the defendant’s change of plea and dismissed the jury. Subsequently, the date of *431 sentencing was deferred twice more; then, on the date set for sentencing, the defendant, through his counsel, orally moved to withdraw his guilty plea, whereupon the court further deferred sentencing for a week. Ultimately, on the final date set for sentencing, counsel for defendant urged the motion to withdraw the guilty plea (which had been supplemented by a written motion filed after the date of the oral motion), stating that the defendant wished to withdraw his plea of guilty “ * * * based upon a misunderstanding that we had between the District Attorney’s Office on the charges, this charge and other pending charges.” Immediately upon defense counsel’s oral statement of the basis for the motion, the trial court denied the motion and the defense reserved a bill of exceptions to that denial.
La.C.Cr.P. art. 559 provides, in pertinent part:
“The court may permit a plea of guilty to be withdrawn at any time before sentence.” (Emphasis supplied.)
The jurisprudence interpreting that provision dictates that the withdrawal of a guilty plea is a matter which addressed itself to the sound discretion of the trial judge. See, e. g., State v. Robinson, 311 So.2d 893 (La.1975). Hence, the only issue before us for determination is whether the trial judge abused his discretion in refusing to allow the defendant to withdraw his guilty plea.
Defendant argues that his confusion regarding what crimes the District Attorney had charged and what crime to which he was pleading guilty rendered his guilty plea unknowing. Additionally, he argues that the trial court abused its discretion in failing to allow withdrawal of his guilty plea by its failure to determine for the record that there existed a factual basis for each of the elements of the crime charged. This factual basis, defendant contends, is required by the United States Supreme Court’s decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969).
Our appellate record does permit a review of this alleged error and the stated bases upon which that error is urged, but only in terms of the standard of review dictated by La.C.Cr.P. art. 559 and the jurisprudence. We have previously indicated that there was a lengthy colloquy between the trial court and the defendant prior to the acceptance of the guilty plea. We note, however, that defendant’s complaint regarding the misunderstanding which allegedly existed between the defendant and the State and the confusion which arose cannot be fully reviewed by us on appeal. We find no jurisdictional defects nor errors discoverable upon examination of the pleadings and proceedings. The record does not reveal any basis upon which this Court could find that the trial court abused its discretion in refusing to allow withdrawal of the guilty plea.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.

 The United States Supreme Court’s decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), holds that waiver of these three enumerated defense rights cannot be assumed from a silent record. In an attempt to comply with the letter and the spirit of Boykin, judges who accept guilty pleas apprise defendants of these rights and ascertain that the defendant understands and wishes to waive them.